[L. A. No. 169.     Department Two.—March 12, 1897.]

CARRIE E. FORD ET AL., RESPONDENTS, v. J. J. BUSH-ARD ET AL., APPELLANTS.

SALE OF ORANGE TREES—ACTION FOR BREACH OF CONTRACT—ASSIGNMENT PENDENTE LITE — SUBSTITUTION OF ASSIGNEE — SUPPLEMENTAL COMPLAINT—DENIAL—PROOF OF ASSIGNMENT.—Where after the bringing of an action for damage for breach of a contract for the sale and delivery of particular kinds of orange trees, an assignment was made by the plaintiff to his wife of all his right and interest in the contract, just prior to plaintiff's decease, and the assignee having been substituted as such, and not as the personal representative of the deceased, filed a supplemental complaint by leave of the court, alleging the assignment, and the death of the plaintiff, the defendant has the right specifically to deny the allegations of the supplemental complaint, and the assignee cannot recover, as against such denial, without proof of the assignment.

ID. — EX PARTE SUBSTITUTION—PRESUMPTION UPON APPEAL — ANSWER — WAIVER.—Where the record upon appeal is silent as to whether the substitution of the assignee was or was not *ex parte*, it will be presumed on appeal in favor of the regularity of the proceeding that notice was given; but if the order was made *ex parte*, the answer to the supplemental complaint of the assignee is a waiver of error in that regard.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. W. McKINLEY, Judge.

The facts are stated in the opinion of the court.

*Isidore B. Dockweiler*, for Appellants.

The order of substitution was made on an *ex parte* application therefor, which could only be done upon the substitution of an executor or administrator. (*Taylor* v. *Western Pac. R. R. Co.*, 45 Cal. 324, 327.) Where an assignee is substituted as plaintiff, an amended

or supplemental complaint must be filed. (*Campbell* v. *West,* 93 Cal. 653; *Hibernia Sav. etc. Soc.* v. *Wackenreuder,* 99 Cal. 503.) The order of substitution was not conclusive upon the defendant. (*California Cent. R. R. Co.* v. *Hooper,* 76 Cal. 404.) No evidence of the assignment was introduced on behalf of the plaintiff, and therefore the judgment must be reversed, as the proof of assignment is essential to a recovery. (*Murdock* v. *Brooks,* 38 Cal. 596; *Read* v. *Buffum,* 79 Cal. 77; 12 Am. St. Rep. 131; *Bowman* v. *Keleman,* 65 N. Y. 598.)

*Frank James,* for Respondents.

Upon the substitution of an assignee *pendente lite* the proceeding must be upon motion. (Code Civ. Proc., secs. 385, 1003.) Notice of the motion must be given to all parties. (17 Am. & Eng. Ency. of Law, 557; *Howard* v. *Taylor,* 11 How. Pr. 380; *McLaughlin* v. *Mayor etc.,* 58 How. Pr. 105; *Smith* v. *Harrington,* 3 Wyo. 503.) As the record contains only the order of substitution, it must be presumed that the notice of motion was duly given. (*Cole* v. *Wilcox,* 99 Cal. 549; *Cockrill* v. *Clyma,* 98 Cal. 123; *Caruthers* v. *Hensley,* 90 Cal. 559.) Proof of the right to be substituted must be made upon the hearing of the motion for substitution, which determines the fact of the transfer or assignment, and obviates the necessity of proof thereof on the trial. (*Gibson* v. *National Bank,* 98 N. Y. 96; *Smith* v. *Zalinski,* 94 N. Y. 519; 17 Am. & Eng. Ency. of Law, 557, 558.) Even if notice was necessary and was not in fact given, the appellants proceeded to trial without objection, and must, therefore, be deemed to have waived notice. (*Smith* v. *Curtis,* 7 Cal. 584; *Mora* v. *Le Roy,* 58 Cal. 8; *Brooks* v. *Northey,* 48 Wis. 455; *Howard* v. *McKenzie,* 54 Tex. 171; *Chicago Legal News* v. *Browne,* 103 Ill. 317.) It will be presumed that appellants consented to the substitution. (*Cockrill* v. *Clyma, supra; Weese* v. *Barker,* 7 Colo. 178.) And in such case no proof is required at all. (*Virgin* v. *Brubaker,* 4 Nev. 39; *Warner* v. *Turner,* 18 B. Mon. 758.) Upon substitution the pleadings are amended

accordingly and no supplemental complaint is required. (*Kittle* v. *Bellegarde*, 86 Cal. 563; *Johnson* v. *Superior Court*, 63 Cal. 578; *In re Petition of Marshall* (Cal. Nov. 8, 1887), 15 Pac. Rep. 772; *Stewart* v. *Spaulding*, 72 Cal. 264; *Virgin* v. *Brubaker, supra;* Pomeroy's Code Remedies, sec. 136; 3 Estee's Pleadings, 3d ed., sec. 4494; 1 Wait's Practice, 158–61; *Moore* v. *Hamilton*, 44 N. Y. 666; *Warner* v. *Turner, supra; Abbott* v. *Jewett*, 25 Hun, 603; *Talbert* v. *Becton*, 111 N. C. 543; *Wellman* v. *Dismukes*, 42 Mo. 101.)

SEARLS, C.—This action was brought June 16, 1894, by H. A. Ford and Edwin Clark to recover damages from J. J. Bushard and Joseph Mesmer for the violation of a written contract entered into by said defendants with the plaintiffs on September 11, 1890, for the sale and delivery by defendants to plaintiffs of say two thousand budded orange trees; five hundred thereof to be of the variety named Mediterranean Sweets and the remainder Washington Navels.

Plaintiffs claimed that, excepting a small number, the trees delivered were not of the varieties named in the contract.

Defendants answered separately, raising issues of fact, and defendant Mesmer denied the execution of the contract.

Thereafter and before the trial of the cause, upon the application of Carrie E. Ford, she was substituted as a party plaintiff in the cause in the place and stead of H. A. Ford, who it was shown had departed this life since the commencement of the action, and had before his death assigned all his right and interest in the contract to said Carrie E. Ford. The order of the court also granted her leave to file a supplemental complaint, which she did, setting out the death and assignment as aforesaid. Defendants answered the supplemental complaint, specifically denying the death of H. A. Ford, and the assignment by him to Carrie E. Ford.

The cause was tried before a jury, and a verdict ren-

dered in favor of plaintiffs for two thousand dollars. At the trial no evidence was offered to show the assignment by H. A. Ford to Carrie E. Ford.

The failure of evidence was assigned by defendants as one of the causes for a new trial. The motion for such new trial was denied, and defendants appeal from the judgment and from the order denying their motion for a new trial. Defendants claim that the order of substitution of Carrie E. Ford was made *ex parte.*

There is no showing in the record on the subject. If the order was made without notice, the answer of the defendants to the supplemental complaint without objection was a waiver of the error. (*Smith* v. *Curtis,* 7 Cal. 584.) Were it otherwise, we are, in the absence of any showing on the subject, to presume in favor of the regularity of the proceedings that notice was given.

The point is this: Plaintiff, Carrie E. Ford, having been substituted as plaintiff, not as the personal representative of H. A. Ford, but as his assignee, and having set up an assignment of the contract to her, which assignment was denied by the defendants, was it necessary for her to prove such assignment in order to a recovery against defendants? We think this question must be answered in the affirmative.

In *Taylor* v. *Western Pac. Ry. Co.,* 45 Cal. 324, it was held that the substitution of an executor or administrator could be made on *ex parte* motion.

In *Campbell* v. *West,* 93 Cal. 653, it was said: "The other provisions of this section (Code Civ. Proc., sec. 385), relating to substitution in case of any other transfer of interest, when set in motion by a plaintiff, or the person to whom the transfer is made, or by the defendant, if for any reason he desires to avail himself of such transfer for any purpose, must be made by a supplemental complaint or answer."

In case of an assignment the supplemental complaint should set out such assignment, which is an issuable fact, and, if denied, its proof in such a case, as in all cases of assignment, is vital to a recovery. (*Murdock* v.

*Brooks,* 38 Cal. 596; *Read* v. *Buffum,* 79 Cal. 77; 12 Am.
St. Rep. 131; *Bowman* v. *Keleman,* 65 N. Y. 598.)

In case of an alleged assignment of the cause of ac-
tion, the assignee is entitled to be substituted upon a
showing of probable cause, but the defendant is not
thereby precluded from denying such assignment, and
if he does so the fact must be determined by the pre-
ponderance of evidence, as in the case of other issues.

Suppose, for instance, that in a case like the present,
the motion for substitution is based, as is often the case,
upon a supplemental complaint duly verified and setting
out the issuable facts. Would it be contended that a
defendant was thereby debarred from denying the facts
alleged therein, or that, in case of such denial, the plain-
tiff was absolved from proving them? Manifestly, as
we think, he would not.

Were it otherwise, a defendant would be liable to pay
a demand a second time should it turn out and be shown
by a preponderance of evidence that no assignment had
in fact been made.

The issues in a case are not to be tried upon affidavit,
but by such evidence as the law recognizes in open
court.

A defendant may, for the purposes of an injunction
or other ancillary process, admit all the allegations of a
complaint to be true, but such admission would not
serve as evidence in a trial upon the merits in the face
of an answer denying such allegations.

For the total failure of testimony showing an assign-
ment, the judgment and order should be reversed, and
we so recommend.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the
judgment and order are reversed.

MCFARLAND, J., HENSHAW, J., TEMPLE, J.

Hearing in Bank denied.