[S. F. No. 1289.    Department Two.—March 24, 1900.]

JOHN BROWN, Respondent, v. J. CURTIS et al., Appellants.

ASSIGNMENT—ACTION BY ASSIGNEE—PLEADING—GENERAL DENIAL TO UNVERIFIED COMPLAINT—BURDEN OF PROOF.—In an action by the assignee of a cause of action, a general denial to an unverified complaint puts in issue the assignment and plaintiff's right to sue upon the cause of action, and the burden of proof is upon the plaintiff to establish the assignment.

ID.—RIGHT OF ACTION AS ASSIGNEE DISTINGUISHED FROM CAPACITY TO SUE.—The right of action of the plaintiff as assignee is distinct from his capacity to sue, and must be established when denied, whatever may be the capacity of the plaintiff to sue. The question of assignment does not go to the capacity of the plaintiff to sue, and the absence of assignment need not, like the want of capacity to sue, be pleaded as a special defense.

ID.—INSUFFICIENT PROOF OF ASSIGNMENT—DEMAND BY PLAINTIFF—NOTICE OF ASSIGNMENT.—Where there is nothing to show that the defendants, or either of them, dealt with or recognized the plaintiff as assignee, proof that the plaintiff made demand of the defendants, and that the defendants received notice from the original owner of the claim that he had assigned the claim to the plaintiff, is not sufficient proof of an assignment to overcome the denial thereof.

ID.—DESCRIPTION IN SPECIAL DEFENSE—ADMISSION—DENIAL.—The description in a special defense of the original owner of the claim, so as to append to his name the descriptive words "the assignor of plaintiff," does not amount to an admission of the assignment, in contravention of the denial thereof, and those words can only be regarded as descriptive of the person named.

APPEAL from a judgment of the Superior Court of Santa

Clara County and from an order denying a new trial. W. G. Lorigan, Judge.

The facts are stated in the opinion.

William P. Veuve, for Appellants.

The allegation of an assignment must be proven as formally as any other allegation. (*Ford v. Bushard,* 116 Cal. 273; *Read . v. Buffum,* 79 Cal. 77; 12 Am. St. Rep. 131; *Murdock v. Brooks,* 38 Cal. 596; *Bowman v. Keleman,* 65 N. Y. 598.) An admission in one defense is not available by the plaintiff in proof of issues raised by another answer or defense in the same case. (*Ball v. Putnam,* 123 Cal. 139; *Siter v. Jewett,* 33 Cal. 92; *Nudd v. Thompson,* 34 Cal. 39, 47; *Miller v. Chandler,* 59 Cal. 540; *Botto v. Vandament,* 67 Cal. 332.)

H. V. Morehouse, for Respondent.

The admission in the answer estops the defendants from denying the assignment. (*Fremont v. Seals,* 18 Cal. 434; *McDonald v. Davidson,* 30 Cal. 174.) The want of assignment must be pleaded affirmatively by special demurrer or special answer, as going to the want of plaintiff's title or capacity to sue, or the objection is waived. (Code Civ. Proc., sec. 434; *California Steam Nav. Co. v. Wright,* 8 Cal. 585; *White v. Moses,* 11 Cal. 70; *District No. 110 v. Feck,* 60 Cal. 403; *Miller v. Luco,* 80 Cal. 257; *Wilhoit v. Cunningham,* 87 Cal. 458; *Bank of Shasta v. Boyd,* 99 Cal. 604; *Phoenix Bank v. Donnell,* 40 N. Y. 410; Pomeroy's Code Remedies, sec. 208; 1 Ency. of Pl. & Pr. 827.) The assignment is no part of the cause of action. (*Phillips v. Goldtree,* 74 Cal. 154; *Quan Wye v. Chin Lin Hee,* 123 Cal. 185, 186.)

CHIPMAN, C.—Action for the value of certain nursery trees sold and delivered to plaintiff's assignors. Defendants answered by general denial and also set up specially, by separate answer, certain facts alleging the failure of plaintiff's assignors to comply with the terms of the contract under which the trees were delivered. The pleadings were not verified. The trial was by a jury and plaintiff had the verdict. Defendants appeal

from the judgment and from the order denying their motion for
a new trial.

It is claimed by appellant that there was no evidence intro-
duced to prove an assignment or transfer to plaintiff of the
claims sued on.

The complaint sets forth certain claims in two counts, one of
which alleges the sale to defendants of certain fruit trees by one
H. H. Linville and an assignment to plaintiff of the claim, and
the other count alleges a sale by one W. J. Linville to defend-
ants and an assignment to plaintiff. The assignment in each in-
stance and the denial thereof raised a material issue which it
was incumbent on plaintiff to establish by proof. (*Read v. Buf-
fum*, 79 Cal. 77; 12 Am. St. Rep. 131; *Ford v. Bushard*, 116 Cal.
273.) Respondent contends that "the assignment is not the
cause of action, but only the right of plaintiff to sue," and, quot-
ing from *California Steam Nav. Co. v. Wright*, 8 Cal. 585, claims
that "the want of legal capacity to sue is a personal disability,
and, if the defendant intends to set up such a defense, he should
state so distinctly. The general denial relates to some other
facts alleged concerning the contract. The general issue is not
sufficient." (Citing, also, *White v. Moses*, 11 Cal. 70; *Bank of
Shasta v. Boyd*, 99 Cal. 604, and some other cases.)

Respondent fails to distinguish between the question of ca-
pacity and the question of right to sue. The capacity is one
thing, while the right is quite another. The capacity may be
admitted, but the right must rest upon proof of assignment
and must be established whatever may be the capacity in which
the assignee sues.

Respondent calls attention to the testimony which he claims
sufficiently proved the assignment. It appears that when Curtis,
one of defendants, was testifying as a witness in relation to
certain correspondence he had with one of the Linvilles as to
the unsatisfactory condition of the trees and to arrange a meet-
ing, and after stating that the meeting was put off he said:
"After that, the next letter I got from Linville, he stated that
he assigned his claim to Brown." It was admitted that plaintiff
made demand upon the defendants prior to the commencement
of the action. In defendants' special defense the answer begins
as follows: "1. That during the years 1893 and 1894 H. H. Lin-

ville, the assignor of plaintiff, was a nurseryman," etc.   This is all that is pointed out by respondent from which the jury found that the claims of both the Linvilles were assigned to plaintiff. If we could regard the admission that one of the Linvilles wrote to Curtis that he had assigned his claim to Brown, as evidence of the fact, it would still leave no admission as to the other claim.   But we cannot regard it as evidence of the fact at all.   There is nothing to show that defendants, or either of them, at any time dealt with or recognized Brown as assignee. Nor was a mere admission that Brown demanded payment before suit brought any evidence of Brown's ownership of the claims or right to sue upon them.   The statement in the separate answer of defendants, above quoted, was not an admission, and, if it was, it was not inconsistent with the denial of the fact contained in the earlier part of the answer.   At most it could only be regarded as describing the person of Linville.   It does not purport to admit the assignment and cannot reasonably be given that effect.

Respondent is correct in stating that the reason for requiring proof of the assignment is to protect the defendant from any claim of the assignor, but it is not true, as claimed, that "when the assignor takes the stand for the plaintiff and . . . . the defendant admits a demand from the assignee, and notice from the assignor that he has assigned the claim to plaintiff, certainly the proof is sufficient to show an assignment."   Brown may not have had any assignment when he made the demand. Linville may not have in fact assigned his claim when he wrote he had done so.   It was incumbent upon Brown to establish his right to sue, and this necessitated proof of the assignment by which alone he had any such right.   It was as necessary for Brown to prove this fact as it was to prove the indebtedness. The fundamental error of respondent was in assuming what he now urges in his brief—that "the question of assignment only goes to the capacity to sue and not to the cause of action, and therefore if defendants wish to raise the question of assignment they must do so by a special defense, and cannot do so by a general denial."

The view we have taken makes it unnecessary to notice appellants' contention that the evidence was insufficient to justify

the verdict; the evidence may not be the same at the second trial.

It is advised that the judgment and order be reversed and the cause remanded.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded.

Henshaw, J., Temple, J., McFarland, J.