[Sac. No. 707.   Department Two.— May 7, 1901.]

## GUS GUSTAFSON, Appellant, v. STOCKTON AND TUOL-UMNE COUNTY RAILROAD COMPANY and ANNIE KLINE RIKERT, Rcspondents.

ACTION UPON CLAIMS FOR LABOR — ORAL ASSIGNMENT — CLEAR PROOF REQUIRED — FINDING. — In an action upon numerous claims for labor, alleged to have been assigned to the plaintiff, where the assignment is denied, and the plaintiff relies upon an oral assignment, the proof thereof must be clear, positive, and satisfactory, to justify the court in rendering judgment for the plaintiff; and where the evidence is only slight and vague, the court is justified in finding upon the issue in favor of the defendant.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

W. W. Middlecoff, for Appellant.

McNoble & McNoble, and J. J. Burt, for Respondents.

TEMPLE, J.— Plaintiff brought this suit on his own behalf and for forty-five others, whose assignee he claims to have been.   Judgment was rendered in favor of the corporate defendant, but plaintiff recovered the amount of his personal demand against the defendant Rikert.   He failed to recover the amount of the assigned claims, the court holding that they had not been assigned to him.   Except some objections to the sufficiency of the specifications as to alleged failure to specify wherein the evidence failed to support the findings, this is the only matter urged on the appeal.   The claims alleged to have been assigned were the demands of day-laborers engaged in grading a railroad.   The plaintiff, who was one of them, stated in his testimony the conclusion of law, "They all assigned to me."   In particularizing as to what was done in regard to making the assignment, his testimony amounted to nothing more than that at a meeting of some fifty of the workmen it was agreed that he should present their claims. They left it all to him.   He does not testify as to each one, but only all at the meeting.

Another witness, Peterson, who kept the pay-roll, produced a list showing the amount due each, and stated that all assigned. Cross-examined, however, he plainly shows that he did not know as to each person. The fact was, the crowd consented and none objected.

The assignment was denied, and the court found upon the issue in favor of the defendant, and I think correctly.

The respondent earnestly contends that the claims not being evidenced by any writing, and the debtor not being present nor notified, nor requested by the creditor in any form to pay the assignee, the assignment was not complete. There was no delivery of anything, symbolical or otherwise, and the alleged assignors were not concluded by anything said or done to deny, after the claims had been paid, that there had been an assignment.

It may be that this position cannot be maintained as broadly as it is stated; but, surely, in the case of a suit brought on an oral assignment, if the fact be denied, the proof should be clear, positive, and in every way satisfactory, to justify a court in rendering judgment. In this case, the evidence was slight and vague. It would not have justified a verdict for plaintiff. (Code Civ. Proc., sec. 1835.)

The judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.