[Civ. No. 2661. Third Appellate District.—January 16, 1924.]

CLARENCE GILMORE, Respondent, v. THOMAS CAS-WELL, Appellant.

[1] MOTOR VEHICLE ACT—INADEQUATE BRAKES—NEGLIGENCE.—The motor vehicle law requires that every automobile operated upon the public highway shall be provided at all times with brakes adequate to promptly check the speed thereof and to stop said vehicle, and a failure in this respect is negligence; and if such

1. Effect of defective brakes on automobile on liability for injury, note, 14 A. L. R. 1339.

negligence contributes to the injuries of a passenger in another car, the liability of the driver of the car having such defective brakes is fixed irrespective of any negligence on the part of the driver of the car in which the injured person was riding as a passenger.

[2] ID.—ASSIGNMENT—EVIDENCE.—In an action upon an assigned claim for damages to the automobile of plaintiff's assignor, a judgment in favor of plaintiff cannot be sustained in the absence of proof of the assignment; and testimony by a witness that he is a brother "of the assignor herein in this case" is not proof of the assignment, but merely proof of the relationship of such witness to the assignor.

[3] ID.—ISSUES—ASSUMED FACTS—APPEAL.—The rule that an appellate court will assume the existence of facts which were assumed to exist in the court below, notwithstanding the fact that they were put in issue by the pleadings, can have no application unless something was said or done in the court below which justified the assumption of the existence of the facts necessary to appear and to be made to appear in order to support the judgment. (On denial of rehearing.)

[4] ID.—INSUFFICIENT EVIDENCE ON SINGLE ISSUE—APPEAL—FURTHER PROCEEDINGS.—Where the record on appeal from a judgment in favor of plaintiff, in an action on an assigned claim for damages to an automobile, contains sufficient evidence to sustain the findings of the trial court on the question of damages and there is a failure of evidence only on the issue of the assignment, the appellate court, in remanding the cause for further hearing, should limit the further proceedings to the determination of that one issue. (On denial of rehearing.)

APPEAL from a judgment of the Superior Court of San Joaquin County. George F. Buck, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

L. J. Maddux for Appellant.

Gumpert & Mazzera for Respondent.

PLUMMER, J.—Action by plaintiff for personal injuries alleged to have been sustained by him for and on account of a certain automobile collision due to the alleged negligence of the defendant and on an assignment for damages to the automobile in which the plaintiff was riding. It ap-

pears from the transcript that on or about the seventh day of October, 1922, the plaintiff was a passenger in a certain automobile, being driven in an easterly direction by one Clarence Buthenuth upon a certain main public highway in the county of San Joaquin, leading to the town of Modesto, at a point on said highway where it is intersected by a certain other highway known as and called the Atlanta-Ripon road. The complaint sets up two causes of action: first, for the injuries sustained by the plaintiff; secondly, for damages to the automobile in which the plaintiff was riding in the sum of $423.50, alleged to have been assigned to the plaintiff by the owner of the automobile in which the plaintiff was a passenger at the time of the injury. On the part of the appellant it is insisted that the testimony shows that the injuries received by the plaintiff were due solely and exclusively to the negligence of the owner and driver of the automobile in which the plaintiff was a passenger. On the part of the respondent it is contended that the injuries received by the plaintiff were due exclusively to the negligence of the defendant and that in any event, if the plaintiff was also negligent, the plaintiff not having anything to do with the control of the automobile in which he was riding would nevertheless be entitled to recover. The action was tried before the court without a jury. On the conclusion of the trial the court made its findings of fact and conclusions of law and awarded judgment to the plaintiff on the first cause of action in the sum of $512.40 and upon the second cause of action, to wit, for damages to the automobile in which the plaintiff was riding in the sum of $423.50.

So far as this appeal is concerned upon the question of damages to the plaintiff for personal injuries sustained by him, and as to the liability by the defendant, we do not need to inquire as to whether or not the owner and driver of the automobile in which the plaintiff was riding was or was not also careless and negligent or whether his negligence concurred in causing the injuries to the plaintiff, for, as stated above, if the defendant's negligence concurred in causing the injuries and the injuries would not have been inflicted had the defendant's negligence not so concurred, then and in that case the judgment for the injuries sustained by the plaintiff must be affirmed.

Without reciting the testimony, it is sufficient to state that the testimony of the defendant as well as the testimony of Clarence Buthenuth, of Chester Mello and George C. Buthenuth all show that the defendant was driving a car unequipped with proper brakes, that is, that the brakes upon the car being driven by the defendant were so defective that they offered practically no resistance to its momentum and that if the car had been equipped with proper brakes, in view of the speed at which the defendant claimed he was driving for a few moments preceding the collision, the application of the brakes would have sufficed to avoid the collision.

[1] The motor vehicle law requires that every automobile operated upon the public highway shall be provided at all times with brakes adequate to promptly check the speed thereof and to stop said vehicle. A failure in this respect is negligence, and if such negligence contributed to the injuries of the plaintiff in this action his liability is fixed irrespective of any negligence on the part of the automobile driver of the car in which the plaintiff was riding as a passenger. The testimony to which we have referred was sufficient to authorize the trial court in making its findings, as above set forth.

[2] As to the second cause of action, to wit, upon the claim for damages to the automobile in which the plaintiff was a passenger and alleged to have been assigned to the plaintiff, the appellant urges there is no testimony in the case showing such assignment. The transcript of the testimony shows the following questions and answers upon this point: "Q. What is your name? A. Albert L. Buthenuth. Q. What is your occupation? A. Letter carrier. Q. Do you reside in Stockton? A. Stockton. Q. You are a brother of the plaintiff—of the assignor herein in this case? A. Yes, sir. Q. Clarence Buthenuth? A. Yes, sir." We do not see in this testimony any proof of an assignment of any claim by Clarence Buthenuth to the plaintiff, Clarence Gilmore, in this action. This is the testimony of a brother of the alleged assignor and amounts at most only to proof of relationship. The answer filed by the defendant denies the assignment, and in order for the plaintiff to prevail in this action upon the second cause of action set out in his complaint, it is necessary under such circumstances to make

proof of such assignment. It cannot be assumed or taken for granted. The contention of the appellant, therefore, that there is no proof in support of plaintiff's second cause of action, must be sustained. As the plaintiff's right to succeed upon his second cause of action depends upon the determination of the fact of whether his assignor was or was not guilty of negligence, contributing to the collision, which must be determined by the trial court, we have purposely refrained from expressing any opinion upon the testimony contained in the transcript touching this question. For the reasons hereinbefore given, the judgment of the trial court upon the plaintiff's first cause of action, to wit, that part asserting and fixing the amount of damages he is entitled to recover and have on account of personal injuries sustained by him, will be and the same is hereby affirmed. As to the second cause of action stated in plaintiff's complaint, to wit, for the amount of damages claimed for and on account of the injuries to the automobile in which he was riding, the judgment will be and the same is hereby reversed and remanded for a new trial upon said second cause of action only. It is also ordered that the appellant have and recover his costs incurred upon appeal herein.

Young, J., *pro tem.*, and Finch, P. J., concurred.

A petition for a rehearing of the cause was denied by the district court of appeal on February 14, 1924, and the following opinion then rendered thereon:

THE COURT.—This matter is before the court on a petition for rehearing. In our former opinion (*ante*, p. 299 [224 Pac. 250]) we held that there was no evidence justifying the finding of the trial court that the second cause of action set out in plaintiff's complaint had been assigned to him. The evidence on this point appearing in the transcript is set out in that opinion.

[3] It is now insisted by respondent that: "An appellate court will assume the existence of facts which were assumed to exist in the court below, notwithstanding the fact that they were put in issue by the pleadings." To support this statement a number of cases have been cited. The respondent's statement of the law we readily concede to be

correct but the authorities cited fail to support the application of the principle contained in said statement to the cause at bar. An examination of the cases all show that something was said or done which justified the assumption of the existence of the facts necessary to appear and to be made to appear in order to support the judgment. We only need to cite one case in this state which illustrates this point, *National Union Fire Ins. Co.* v. *Nason,* 21 Cal. App. 297, 299 [131 Pac. 755, 756), where the circumstances taking place in the case are all set forth preceding the statement of the law by the court in that cause as hereinabove quoted.

We have searched the record in vain to ascertain if anything occurred to dispense with the testimony showing an assignment of the cause of action to the plaintiff and we find nothing therein except what is set forth in our first opinion in this case.

This case is very similar in principle upon this point to that of *Rudneck* v. *Southern California M. & R. Co.,* 184 Cal. 274 [193 Pac. 775]. That was an action begun by a partnership in which the complaint alleged compliance with sections 2466 and 2468 of the Civil Code, that is, that the certificate of copartnership was filed as required by law and also published as required by law. This allegation was controverted in the answer. At the trial the plaintiff proved the filing of the partnership certificate but introduced no evidence of its publication and went to trial upon the other issues presented by the pleadings. The court found that such publication was made. This finding was held to be without support in the evidence. The point was made that the objection was waived and the court answered as follows: "As to the waiver, suffice it to say that we find nothing to justify the claim that it occurred." The issue was in the case and the burden of proof rested upon the party having the affirmative and there being no evidence to support the affirmative allegation only one result could follow. The finding was without support unless waived and there being nothing in the record showing the waiver a reversal of the case was necessary. As we read the record in this case it presents simply a question of failure of proof upon what might be considered a minor issue and we cannot hold such failure to be a waiver of the necessary proof simply because more attention was given by the respective

parties to what might be called the more important issues involved in the controversy.

However, in the reconsideration of this cause and in view of the two cases decided by the supreme court of this state which we will hereafter consider, we think the necessities of justice demand a modification of the former order made by this court. [4] With this in mind, we have carefully read all the evidence in the transcript and conclude that there was sufficient evidence presented to the trial court to sustain its findings on the question of damages both as to the first and also as to the second causes of action set forth in plaintiff's complaint and that there is a failure of evidence only as to the finding as to the right of this plaintiff to maintain the second cause of action by assignment thereof to him by the owner of the damaged automobile. Therefore, in remanding the cause for further hearing, pursuant to section 53 of the Code of Civil Procedure, we think the further proceedings in the trial court should be limited to the determination of the one issue, that is, the ascertainment if the second cause of action was actually assigned to the plaintiff prior to the commencement thereof. In the case of *Collins* v. *Ramish*, 182 Cal. 360 [182 Pac. 360], the supreme court, in considering what directions should be given where a judgment is reversed for insufficiency of evidence to sustain a finding, says: "No good reason appears why the new trial that must be had should not be limited to the matters in regard to which error has been shown," and ordered the new trial limited to the one issue. In the case of *Rudneck* v. *Southern California M. & R. Co., supra,* the case to which we have above referred where no proof was made as to the publication of certificate of copartnership, the cause was reversed and sent back for trial upon that one issue, the judgment of the court being as follows: "Judgment reversed for a new trial, in accordance with this opinion, upon the single issue as to publication by the plaintiffs of their certificate of partnership, as required by law, with directions that if such issue be determined in favor of the plaintiffs, judgment be given for them in accordance with the findings upon the other issues of the cause, and that if such issue be found against the plaintiffs, the action be dismissed without prejudice."

All the other issues in this cause having been fully and fairly tried and no error in any of them having been called to the attention of this court, there appears to us no reason why a new trial ordered in this case as to the second cause of action should not be limited to the issue relating to the assignment thereof to the plaintiff herein.

It is therefore directed that the order heretofore entered in this cause should be and the same is hereby modified to read as follows: That the order heretofore made as to the plaintiff's second cause of action is hereby reversed and remanded to the lower court for a new trial in accordance with this opinion upon the single issue as to whether said second cause of action was assigned to the plaintiff by the owner of the damaged automobile prior to the commencement of the action and if the testimony introduced on this question satisfies the trial court that such assignment was made, then and in that case judgment should be entered in favor of the plaintiff upon the second cause of action set forth in plaintiff's complaint fixing the amount of damages as already sufficiently found by the trial court. If the testimony does not show such assignment of the second cause of action herein referred to, then and in that case judgment is hereby directed to be entered in favor of the defendant. In all other respects the judgment of the trial court is affirmed. It is further ordered that the appellant recover his costs incurred on this appeal.

Petition for rehearing denied.