[Civ. No. 7646. First Appellate District, Division Two.—August 12, 1931.]

THE STERLING ADJUSTMENT COMPANY (a Corporation), Respondent, v. LAHER AUTO SPRING COMPANY (a Corporation), Appellant.

Carter, Peterson & McDonough for Appellant.

Penaat & Penaat for Respondent.

SPENCE, J.—Upon a trial by the court sitting without a jury plaintiff recovered judgment in the sum of $2,509.94, with interest, for goods alleged to have been sold and delivered to defendant by plaintiff's assignor. Defendant appeals from the judgment.

Appellant contends that the findings are not supported by the evidence. In our opinion this contention must be sustained, but we do not deem it necessary to discuss all of the various claims of insufficiency. Respondent's right to recover as the alleged assignee of the seller of the goods was dependent upon allegation and proof of an assignment. An assignment was alleged and made an issue by the pleadings, but the record fails to disclose any evidence to support the finding that such assignment had been made. Respondent argues that "the finding as to the assignment is a technicality not involving a substantial right of appellant". We do not believe that it may be so considered, for where an action is brought by an alleged assignee, the allegation of the complaint relating to the assignment must be proved as formally as any other material allegation. (*Brown* v. *Curtis*, 128 Cal. 193 [60 Pac. 773] ; *Ford* v. *Bushard*, 116 Cal. 273 [48 Pac. 119] ; *Read* v. *Buffum*, 79 Cal. 77 [12 Am. St. Rep. 131, 21 Pac. 555].)

It is further contended that the findings do not support the judgment and we believe that this contention

must likewise be sustained. The complaint was in the customary form for goods alleged to have been sold and delivered to defendant by plaintiff's assignor. The evidence showed and the court found that only about one-half of the goods ordered had been delivered to defendant, but judgment was entered for the amount which the court found to be the full contract price for all the goods. The findings do not support the judgment as it does not appear nor did the court find that title to the undelivered goods had passed to the defendant. ■ As to the undelivered goods to which title had not passed, the seller's remedy, if any was by way of an action to recover the damages prescribed by section 3311 of the Civil Code and not by way of an action for goods sold and delivered. (22 Cal. Jur. 1077, sec. 134; *Gopcevic* v. *California Packing Corp.*, 64 Cal. App. 132 [220 Pac. 1078].)

For the foregoing reasons the judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.