[Civ. No. 9539. First Appellate District, Division Two.—November 8, 1934.]

MARGARET COLLINS, Respondent, v. JOSEPHINE WELSH, Appellant.

Seibert L. Sefton for Appellant.

M. Mitchell Bourquin and William F. Herron for Respondent.

SPENCE, J.—Plaintiff, as assignee of Vincent W. Hallinan, brought this action to recover the sum of $15,000 upon a claim for attorney's fees. Upon a trial by jury plaintiff had judgment for the full amount claimed. Defendant appeals from said judgment.

There are certain conflicts in the evidence, but in support of the judgment we must consider the evidence most favorable to plaintiff. It appears that Vincent W. Hallinan,

assignor of plaintiff, acted as the attorney for defendant in a divorce action instituted by her; that at the time he accepted said employment there was no agreement made concerning his fees; that the property owned by defendant and her husband consisted of real estate and securities of a value in excess of $500,000; that of said property defendant claimed as her separate property the home valued at $25,000 and certain securities of the value of $17,000; that the remainder of said property was community property and consisted of several parcels of real estate and stocks, which stocks were of the value of approximately $12,750; that the most valuable piece of said community property consisted of a hotel in San Francisco upon which defendant herself had placed a value of $500,000; that while the period over which the attorney's fees extended covered less than three months, numerous items of service were involved before a property settlement was effected and the interlocutory decree was procured by the wife; that shortly after the filing of the complaint in said divorce action, said attorney had been substituted in the place and stead of another attorney who had commenced the proceedings; that he thereupon drew amended pleadings, caused an order to show cause to be issued and obtained a restraining order; that he obtained for defendant an allowance of $750 per month for support and an allowance on account of attorney's fees in the sum of $300; that thereafter the restraining order was dissolved by the court and that upon application of said attorney, said restraining order was again made effective; that he took the deposition of the husband and also participated in the taking of the deposition of the wife; that he sought and procured an audit of the books of the hotel for the purposes of the divorce action; that he succeeded in ultimately obtaining a property settlement for defendant which was admittedly satisfactory to her and which, according to his testimony, was far more advantageous to her than the settlement that she had been willing to accept; that defendant was particularly anxious to obtain the hotel property in the settlement and was willing to obtain a loan thereon and to pay to the husband any sum not exceeding $200,000 for that purpose; that said attorney finally obtained an agreement whereby the husband relinquished all claim to the property claimed

by defendant as her separate property, gave her all of the community property with exception of the stock above mentioned of the value of approximately $12,750 upon payment to the husband of the sum of $117,500; that in said agreement defendant waived all claim against the husband for counsel fees; that shortly after said agreement was signed by the parties, said attorney discussed with the defendant herein the amount of attorney's fees which he should receive; that he stated that his fees would be $20,000; that defendant thought that figure was high and upon being asked what she thought would be fair, she stated: ''I think about $11,000 would be about right''; that said attorney then suggested that they make it $15,000 and she said, ''That is all right, that is fine. . . . I will make it up to you in other ways and let you have some other business.'' Thereafter the property settlement was consummated through obtaining a loan upon the hotel and the interlocutory decree was subsequently obtained without contest.

The complaint in the present action was stated in two counts. The first count was one for the reasonable value of the services rendered, which was alleged to be $15,000, and the second count was one for the agreed amount of $15,000 which defendant was alleged to have promised to pay for said services. The prayer of the complaint was for said sum of $15,000 with interest.

In the first points raised by appellant it is claimed that the pleading and proof of the assignment to respondent was insufficient. These points may be considered together. There was admittedly a defect in the pleadings. No attack is made upon the first count, which was stated in three paragraphs. Paragraph I set forth the allegation that Vincent W. Hallinan was at all times a duly licensed attorney at law. Paragraph II contained the customary allegations of a count for the reasonable value of legal services. Paragraph III contained allegations which are conceded to be sufficient to cover the assignment of the claim from Vincent W. Hallinan to respondent. The second count is the one at which the attack is directed. In paragraph I thereof respondent incorporated by reference the allegations of paragraphs I and II of the first count. It was no doubt intended, as stated by respondent, to incorporate by reference paragraphs I and

III rather than paragraphs I and II of said first count. In paragraph II of the second count, respondent set forth the customary allegations of a count for the agreed price for legal services performed. No further allegations were contained in said second count. It therefore appears that there was no allegation in said second count covering any assignment of the claim to respondent and for this reason said second count was insufficient to state a cause of action in favor of respondent. While all of the allegations of the complaint were denied in the answer, it appears that appellant in effect waived the issue concerning the assignment upon the trial. When the prospective jurors were being questioned, Mr. Barry, then counsel for appellant, asked for and received from Mr. Bourquin, counsel for respondent, the following stipulation: "Mr. Barry: Now will it be admitted, Gentlemen, that Mr. Hallinan is, in fact, the owner of the claim here that is sued upon, and that Miss Collins represents him in the trial of the suit?" "Mr. Bourquin: Surely." The court likewise assumed that the making of the assignment was an admitted fact when it stated to the prospective jurors: "Miss Collins, as has been explained to you, Ladies and Gentlemen, is the assignee of Mr. Vincent Hallinan. Mr. Hallinan has assigned or transferred or given over to Margaret Collins his right, title and interest in and to this cause of action. Do I state that correctly?" "Mr. Bourquin: That is correct, if Your Honor please." To this statement counsel for appellant made no reply and took no exception. In the testimony of Mr. Hallinan the following question was asked and the following answer was given: "Q. The plaintiff in this action, Margaret Collins, was the person to whom you assigned your claim against Mrs. Welsh for the services rendered her? A. For the purpose of filing this suit, yes."

We find no merit in the contention that the evidence was insufficient to prove the assignment. In support of said contention appellant cites *Gustafson* v. *Stockton etc. R. R. Co.,* 132 Cal. 619 [64 Pac. 995], *Brown* v. *Curtis,* 128 Cal. 193 [60 Pac. 773], and *Gilmore* v. *Caswell,* 65 Cal. App. 299 [224 Pac. 249], but none of these authorities is in point. The general rule is that an assignment must be proved by clear and positive evidence, the reason for the rule being

that a defendant should be afforded protection to that extent from any further claim by the assignor. (*Brown* v. *Curtis, supra,* p. 196.) But here the testimony of the assignor himself was sufficiently clear and positive to prove the assignment and to protect the appellant from any further claim by said assignor. Furthermore, it is apparent that the existence of such an assignment was assumed by all as is shown by the stipulation entered into during the examination of the jurors. While such stipulation was made before the jury was finally selected and sworn, it was made during the trial of the cause and in our opinion appellant cannot now be heard to question the sufficiency of the evidence to prove the fact when appellant asked for and received a stipulation thereon during the trial.

Nor do we find any merit in the contention that the judgment based upon a general verdict must be reversed because of the above-mentioned insufficiency of the allegations of the second count of the complaint. Both counts were obviously drawn to cover a single claim for legal services. The first count contained sufficient allegations covering the assignment and appellant could not have been misled by the typographical error by which respondent failed to properly incorporate said allegations in the second count. Under the circumstances presented by the pleadings and the proof herein, this is clearly a case where a reversal should not be ordered merely because of said defect in the pleadings. (Const., art. VI, sec. 4½; see, also, *Baker* v. *Miller,* 190 Cal. 263 [212 Pac. 11]; *Bonney* v. *Petty,* 125 Cal. App. 527 [13 Pac. (2d) 969]; *Nichols* v. *Smith,* 136 Cal. App. 272 [28 Pac. (2d) 693].)

Appellant further contends that respondent is barred from recovering from appellant either upon an express or implied contract for services performed for her in the divorce action as Mr. Hallinan had obtained an allowance of counsel fees in the sum of $300 in that action, which sum had been paid by the husband and received by Mr. Hallinan. In our opinion this contention is likewise without merit. In support thereof appellant relies solely upon certain language found in the opinion in *Theisen* v. *Keough,* 115 Cal. App. 353, at pages 361 and 362 [1 Pac. (2d) 1015]. The facts in that case were quite different from those before us and we

believe the language employed in the opinion must be read in the light of the facts which were there under consideration. In that case the attorney was dismissed immediately after the award of counsel fees had been made and complied with. He performed no services whatever after the making of the order. The soundness of the decision in that case cannot be questioned, but neither the decision nor the language employed would lead to the conclusion that such an award would bar a recovery from the wife under all circumstances.

An award of counsel fees to the wife made at the inception of divorce proceedings is based largely upon the necessity for the same for the purpose of enabling the wife to proceed with the litigation. (Civ. Code, sec. 137; 1 Cal. Jur. 958 et seq.) The amount awarded is not in any sense a determination by the trial court of the reasonable value of all legal services to be rendered as the amount and nature of said services cannot then be ascertained. Supplemental allowances may be made (1 Cal. Jur. 1000, sec. 53), and frequently are made in practice. The trial courts no doubt make the original allowance more in the light of what appears to be the immediate necessity of the wife than in the light of the probable value of the services to be performed. If the necessity does not clearly appear, the trial courts may in their discretion deny any award for temporary alimony or counsel fees (1 Cal. Jur. 968), but it has been held that an award may properly be made even though the wife owns nonincome producing property. (*Farrar* v. *Farrar*, 45 Cal. App. 584 [188 Pac. 289].) In cases where the wife has some separate property, even though it be nonincome producing, the necessity may not be so great in the mind of the trial court and this fact may be taken into consideration in determining the amount required to meet the wife's immediate needs. It is thus apparent that the amount, if any, awarded by the trial court in a preliminary order for counsel fees does not necessarily bear any relation to the reasonable value of the legal services to be performed thereafter.

In the divorce action under consideration here, the wife had separate property of the value of $42,000. Whether this property was income producing or nonincome producing does not appear from the record herein. The wife also had

an interest in community property, which community property had a value of approximately $500,000. She was awarded temporary alimony of $750 per month. Under these circumstances the trial court might have denied her any award for counsel fees in its discretion as it might well have concluded that the wife would have no difficulty in obtaining counsel to proceed with the litigation without any award of counsel fees from the husband. And the fact that the trial court in its discretion did award the sum of $300 as counsel fees did not in any manner fix the value of the services to be performed nor free the wife from her obligation, express or implied, for the services thereafter rendered.

Appellant also claims that the verdict was "unreasonable and arbitrary", but in our opinion this claim may not be sustained. In making this contention appellant ignores the testimony regarding an express agreement to pay the sum awarded, but owing to the conclusion we have reached, we may, for the purpose of discussing this contention, treat the case as one based solely upon an implied contract for the reasonable value of the services performed. The general rules for determining what constitutes a reasonable attorney's fee are well settled and are set forth in 3 California Jurisprudence, 698. It will be noted that two of the factors to be considered, among others, are the amount involved in the litigation and the success of the attorney's efforts. The evidence here showed that the amount involved was large and, although the evidence was somewhat conflicting, there was ample evidence to show that Mr. Hallinan's efforts were highly successful as well as highly satisfactory to appellant. We must assume in support of the judgment that the jury accepted the evidence most favorable to respondent and, if so, the award of $15,000 cannot be said to be unreasonable or arbitrary.

Appellant also contends that the express agreement to pay $15,000 for the services rendered "was presumptively fraudulent and Mr. Hallinan could not recover upon said contract, even if proven, but could only recover the reasonable value thereof". There are several answers to said contention, but it is sufficient to point out that it does not appear herein that recovery was had upon the express con-

tract nor that respondent was awarded more than the reasonable value of the services performed.

■ The final point raised by appellant involves an attack upon a formula instruction given by the trial court. Said attack is based solely upon the ground that said instruction failed to require that the jury find that the claim had been assigned to respondent. In view of the stipulation and uncontradicted evidence concerning said assignment, we find no prejudicial error in the giving of said instruction.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 7, 1935.