[Civ. No. 30554. Second Dist., Div. One. June 12, 1967.]

UNITED CALIFORNIA BANK, Plaintiff and Respondent, v. ELSIE O. BEHRENDS, as Executrix, etc., Defendant and Appellant.

Daniel B. Condon for Defendant and Appellant.

Swanwick, Donnelly & Proudfit and Howard D. Hanson for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a summary judgment based upon a written agreement made by H. Truman Browne.[1]

In a complaint filed on November 30, 1964, in the Superior Court in Los Angeles County, plaintiff alleged that it is a California corporation, that Fapboa Corporation, doing business as La Puente Valley Community Hospital (sometimes hereinafter referred to as Hospital) is a California corporation; that on June 25, 1962, Hospital made and delivered to American Hospital Supply Corporation (sometimes hereinafter referred to as Supply Corporation) a conditional sales contract (a copy of which is attached to the complaint) which provided for the conditional sale and purchase of items of equipment described and set out in the invoices; that the interest of Supply Corporation on August 14, 1962, was assigned to plaintiff, that plaintiff is still the owner and holder of said contract and entitled to payment thereon; that there remained an unpaid balance of $101,234.89 plus interest; that a default had occurred in that the payments had not been made as agreed and that by virtue thereof plaintiff had declared the entire amount due and payable; that the contract provided for attorney's fees if the indebtedness was referred to an attorney for collection; that demand had been made for payment and none had been made. It was further alleged that as a part of the transaction with the plaintiff a guarantee had been executed in writing by H. Truman Browne, a copy of which was attached to the complaint; that by virtue of the guarantee H. Truman Browne guaranteed prompt payment of all indebtedness of Hospital according to the terms of the contract, but not to exceed $175,000. It was alleged that there was due and unpaid on said guarantee the sum of $101,234.89 plus interest; that demand had been made of H. Truman Browne for payment and nothing had been paid. There followed a request for a judgment for attorney's fees and a judgment for the amount due and owing.

H. Truman Browne answered by generally denying that there had been an assignment to plaintiff and denying that he owed anything. He further alleged that the plaintiff had failed to proceed against the principal debtor as required by law and that he had rescinded the written guarantee on July 16, 1965.

---

[1] H. Truman Browne died subsequent to the entry of the judgment in this case and the executrix of his estate has been substituted in the place and stead of H. Truman Browne.

Plaintiff filed certain declarations[2] and a notice of motion for a summary judgment.

H. Truman Browne himself filed no declaration. His attorney did file a declaration, the essence of which is that there was no assignment from Supply Corporation to the plaintiff bank and, as a consequence, the bank had no right to bring the action.

A summary judgment was granted and filed. Timely notice of appeal from the judgment was made.

The sole question involved is whether the plaintiff established its right to institute the action.

Plaintiff clearly established that it was the assignee of Supply Corporation and the owner and holder of the claim sued upon. On the face of the contract itself, the words "Assignment By Seller" are printed in large type and immediately thereafter it is set forth by Supply Corporation that to induce the plaintiff to purchase the contract it was represented that

---

[2] "I, Norman Barker, Jr. hereby declare:

"1. I am a citizen of the United States of America over the age of 21 years and if sworn as a witness in the above entitled cause can testify competently to the facts contained herein.

"2. I am a Vice President of United California Bank, a corporation, hereinafter sometimes referred to as 'Bank', the plaintiff herein.

"3. On or about June 25, 1962, the American Hospital Supply Corporation, as seller, and FAPBOA Corporation, doing business as La Puente Valley Community Hospital, as buyer, made and executed a Conditional Sales Contract under the terms of which the seller sold to the buyer and the buyer purchased from the seller, certain items of hospital equipment for the unpaid principal balance of $138,732.49, plus interest at the rate of 6 percent per annum thereon payable monthly. The unpaid principal balance was payable under the terms of said Conditional Sales Contract as follows:

"59 monthly payments of $2,312.20 each beginning November 25, 1962, and on the 25th day of each succeeding month thereafter and in addition thereto a final monthly payment of $2,312.64;

That a photo copy of said Conditional Sales Contract signed by said parties is attached to plaintiff's Complaint on file herein, marked Exhibit 'A' and by this reference made a part hereof. (Paragraph III Plaintiff's Complaint and admitted by Defendant).

"4. On August 14, 1962, the interest of the seller, American Hospital Supply Corporation in said Conditional Sales Contract and the equipment described therein was sold and assigned to the Bank in writing as shown by the Assignment signed by the seller on the reverse side of the Conditional Sales Contract attached to the Complaint herein as Exhibit 'A' as aforesaid.

"5. On or about September 5, 1961, defendant, H. TRUMAN BROWNE, President of the purchasing party, as aforesaid, executed and delivered to the plaintiff, his certain guarantee in writing, annexed to Plaintiff's Complaint herein and marked Exhibit 'B' and made a part hereof by reference.

"6. Under and by virtue of said guarantee, the defendant, H. TRUMAN BROWNE, in consideration of any financial accommodation given or to be

the sale of the property therein described was bona fide, that there were no encumbrances, liens or adverse claims whatsoever; that there had been full compliance with the law, that the buyer was competent and that Supply Corporation had a right to assign the contract; that the credit information was true. That instrument was executed on August 14, 1962, by the American Hospital Supply Corporation, by its vice-president and treasurer. The contract was delivered thereupon to plaintiff and plaintiff alleges that it is the owner and holder of the contract and entitled to receive payment thereon. The record further recites that the plaintiff bank relied upon the guarantee of defendant, that notice of the assignment to plaintiff bank was given to La Puente Valley Community Hospital

given or continued by the Bank to the La Puente Valley Community Hospital, guaranteed the prompt payment of all indebtedness or liabilities of the La Puente Valley Community Hospital according to the terms thereof or as agreed by any instrument executed by said La Puente Valley Community Hospital which said La Puente Valley Community Hospital then or at any time thereafter owed to said plaintiff whether arising from dealings between the Bank and the La Puente Valley Community Hospital or from other dealings by which the Bank should become a creditor of the La Puente Valley Community Hospital not to exceed at any one time the principal sum of $175,000.00 with interest.

"7. On or about August 14, 1962, at the time plaintiff purchased the Conditional Sales Contract from the seller as aforesaid, plaintiff relied upon said guarantee.

"8. That on August 28, 1962, plaintiff gave the La Puente Valley Community Hospital Notice of the Assignment of said Conditional Sales Contract to plaintiff and directed all payments on said contract to be made to plaintiff. Plaintiff also in said Notice of Assignment, advised the La Puente Valley Community Hospital that:

" 'No claim or defense against the seller may be asserted against this Bank unless, within 15 days of the date of mailing this Notice of Assignment, you notify this Bank in writing of any facts giving rise to any claim or defense you may have.'

that no such Notice was ever given to plaintiff by the buyer.

"9. At the time suit was filed herein, there was and still is, a default under the terms of said Conditional Sales Contract in that the payments due by the terms thereof have not been made as agreed. By reason of said default, plaintiff has declared the entire balance thereon to be immediately due and payable.

"10. By the terms of said guarantee, defendant agreed to pay reasonable attorneys fees incurred by the plaintiff in the enforcement thereof; the amount due under said guarantee has not been paid and plaintiff has been compelled to and has placed said guarantee in the hands of attorneys for enforcement.

"11. There is now due, owing and unpaid on account of said Conditional Sales Contract and on said guarantee, the principal sum of $98,706.81; with interest from September 15, 1965 at the rate of 6 percent per annum together with attorneys fees and costs.

"12. Plaintiff is still the owner and holder of said guarantee and the Conditional Sales Contract evidencing the indebtedness of the said La Puente Valley Community Hospital.

by the bank and directed that all payments on the contract be made to the bank and, following such notice of assignment, all payments were made to the bank. Furthermore, H. Truman Browne, by and through his attorney, directed a letter to the plaintiff bank on July 20, 1965, wherein he gave notice that he would not be liable on the guarantee and attempted to rescind. The letter itself is an admission that plaintiff was the assignee and holder of the contract. H. Truman Browne has never made and does not now make a demand or claim upon plaintiff for the return of any money paid to it upon the ground that it is not the assignee and owner of the contract and therefore not entitled to the funds paid to it. Nor has H. Truman Browne personally declared under oath that plaintiff is not the assignee and owner of the contract. H. Truman

---

"13. On or about July 20, 1965, plaintiff received a letter dated July 16, 1965 from Daniel B. Condon, attorney for defendant, wherein defendant for the first time gave notice to plaintiff that defendant:

" ' . . . will no longer be responsible for or be bound by the provisions of that certain written guarantee dated September 5, 1961, wherein he guarantees the obligations of La Puente Valley Community Hospital.'

said defendant also in said letter, for the first time, gave plaintiff notice that:

" 'said guarantee is hereby withdrawn, rescinded and of no further legal force or effect'

that a photocopy of said letter is annexed hereto and marked Exhibit 'C' and made a part hereof.

"14. By reason of the facts herein contained, plaintiff claims that there is no defense to said cause and the answer of the defendant was filed merely for the purpose of delaying the entry of judgment herein and the same should therefore be stricken from the files of said cause and judgment entered herein as prayed in plaintiff's complaint, except that the principal amount should be $98,706.81 and interest should be on this amount at 6 percent per annum from September 15, 1965, attorneys fees and costs.

"I certify under penalty of perjury that the foregoing is true and correct.

"Executed on the 14th day of October, 1965 at Los Angeles, California.

"NORMAN BARKER, Jr.

"Vice President"

"I, D. E. Grimes, hereby declare:

"1. I am a citizen of the United States of America over the age of 21 years and if sworn as a witness in the above entitled cause can testify competently to the facts contained herein.

"2. I am a Vice President of United California Bank, a corporation, hereinafter sometimes referred to as 'Bank', the Plaintiff herein; and Manager of its City of Industry Office.

"3. There was paid on the sum of $138,732.49 representing the unpaid principal balance of said conditional sales contract, Exhibit 'A' to plaintiff's complaint herein, the following sums at the dates set forth opposite such sum to wit:

Browne was president of La Puente Valley Community Hospital and without question knew that plaintiff is the owner and holder of the contract; that his guarantee was made to induce plaintiff bank to purchase the contract from the seller.

■ ''While no particular form of assignment is necessary, the assignment, to be effectual, must be a manifestation to another person by the owner of the right indicating his intention to transfer, without further action or manifestation of intention, the right to such other person, or to a third person . . .'' (*Cockerell* v. *Title Ins. & Trust Co.*, 42 Cal.2d 284, 291 [267 P.2d 16].)

■ There can be no question in the case at bench but that plaintiff established by clear and positive evidence that it is by virtue of the assignment the present owner and holder of the claim under the contract. From the record there can be no

| ''DATE PAID | ''AMOUNT OF PRINCIPAL PAYMENT | ''PRINCIPAL BALANCE |
|---|---|---|
| | | $138,732.49 |
| 12-3-62 | $ 2,312.20 | 136,420.29 |
| 1-28-63 | 2,312.20 | 134,108.09 |
| 2-1-63 | 2,312.20 | 131,795.89 |
| 3-7-63 | 2,312.20 | 129,483.69 |
| 3-26-63 | 2,312.20 | 127,171.49 |
| 5-31-63 | 2,312.20 | 124,859.89 |
| 7-16-63 | 4,624.40 | 120,234.89 |
| 11-26-63 | 2,000.00 | 118,234.89 |
| 12-2-63 | 1,000.00 | 117,234.89 |
| 12-11-63 | 1,000.00 | 116,234.89 |
| 12-23-63 | 1,000.00 | 115,234.89 |
| 12-26-63 | 1,000.00 | 114,234.89 |
| 1-8-64 | 2,000.00 | 112,234.89 |
| 1-21-64 | 1,000.00 | 111,234.89 |
| 1-27-64 | 1,000.00 | 110,234.89 |
| 3-6-64 | 1,000.00 | 109,234.89 |
| 6-26-64 | 1,000.00 | 108,234.89 |
| 7-6-64 | 1,000.00 | 107,234.89 |
| 7-15-64 | 2,000.00 | 105,234.89 |
| 7-21-64 | 1,000.00 | 104,234.89 |
| 7-30-64 | 1,000.00 | 103,234.89 |
| 8-10-64 | 1,000.00 | 102,234.89 |
| 8-27-64 | 1,000.00 | 101,234.89 |

''4. That interest in the amount of $6,826.56 was paid on account of said conditional sales contract at the rate of 6% per annum on unpaid balance to June 15, 1964, resulting in a shortage of interest due to said date amounting to the sum of $733.80.

''5. That on November 30, 1964 by reason of the default existing in the payments of the principal and interest in accordance with the terms of said conditional sale contract, plaintiff declared the entire principal balance in the sum of $101,234.89 to be immediately due and payable as authorized and permitted under the terms of said contract.

''6. That since the filing of plaintiff's action herein on November 30, 1964, there was paid to plaintiff on January 14, 1965 the sum of $2,528.08

possibility of a claim for payment from any source other than plaintiff bank.

Cases cited by appellant hold, in effect, that in such cited cases there was no evidence of an assignment of the claim in question. The facts in the case at bench are very different from those recited in *Ford* v. *Bushard,* 116 Cal. 273 [48 P. 119] and *Sterling Adjustment Co.* v. *Laher Auto Spring Co.,* 116 Cal.App. 100 [2 P.2d 408].

By the declarations heretofore set forth, it is evident that there are not presented in this case any really triable issues and the summary judgment was properly granted.

Nothing is contained in appellant's brief with respect to his first affirmative defense, namely, that plaintiff must first exhaust its remedy against La Puente Valley Community Hospital before proceeding against H. Truman Browne on the guarantee and we assume that he has abandoned any such contention. In any event, there was no merit to the contention in the first instance under the circumstances.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

on the principal thus reducing the amount of principal now due and owing to $98,706.81.

''7. That since the filing of this action there has been paid to plaintiff the sum of $3,900.12 to apply on interest from June 15, 1964 to January 31, 1965, resulting in a shortage of interest due to January 31, 1965 in the sum of $757.52; that the statement made in the Declaration of Norman Barker, Jr. in support of plaintiff's Motion for Summary Judgment that interest was paid to September 15, 1965 (page 3, line 32 and again on page 4, line 27) is in error and inadvertently placed in said Declaration by mistake of counsel preparing the same.

''8. That there is now due and owing to plaintiff under said conditional sales contract and guaranty the principal sum of $98,706.81 and $757.52 interest to January 31, 1965 as aforesaid plus interest at 6% per annum from January 31, 1965 on $98,706.81 amounting to $4,655.56 to November 10, 1965 and $16.45 per day thereafter.

''I certify under penalty of perjury that the foregoing is true and correct.

''Executed on the 10th day of November, 1965 at Los Angeles, California.

''D. C. Grimes

''Vice President & Manager''