[Civ. No. 16820. Second Dist., Div. Three. Sept. 8, 1949.]

UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Respondent, v. HENRY J. SULLIVAN, Appellant.

560

[blacked out]

Claude B. Morton and Henry J. Sullivan for Appellant.

Hugh B. Rotchford and Henry A. Schultz for Respondent.

VALLÉE, J.—Appellant here, defendant below, appeals from a summary judgment for plaintiff in an action on a foreign judgment.

The pertinent facts alleged in the complaint are these: Defendant, from about October 15, 1937, to about August 11, 1942, was guardian of the estate of a minor appointed by the Superior Court of Arizona. Plaintiff was surety on defendant's bond as guardian. About August 11, 1942, while the bond was in effect, the Superior Court of Arizona found that defendant as guardian was in default and indebted to the estate in the sum of $13,949.83 and rendered a judgment in that amount in favor of the estate and against defendant. Plaintiff as surety paid $14,024.83 to the estate in satisfaction of the obligation and accrued interest. The Arizona judgment was duly assigned to plaintiff by a successor guardian. No part of the judgment has been paid.

The answer among other things denies "that any judgment in favor of plaintiff and against this defendant, or any part of any such judgment, is due and payable." On the hearing of the motion for a summary judgment in addition to the pleadings two affidavits were before the court, one by an assistant claims manager of plaintiff and one by defendant. The affidavit of the claims manager stated with particularity the facts alleged in the complaint. It appears from the judgment, which is attached to the affidavit, that the $13,949.83 consisted of bonds and other items. The affidavit of defendant stated these matters: The bonds described in the Arizona judgment as not having been accounted for or turned over by defendant as guardian were taken by his former wife without his knowledge or consent while he was acting as guardian. She converted them to her own use and benefit and did not return them or their value to him. The successor guardian, represented by an agent of plaintiff, brought suit against his former wife and dismissed it with prejudice without explanation.

Plaintiff failed to institute suit against the former wife but settled the claim against her for the bonds without the knowledge or consent of defendant, ''and received a portion or all of said bonds or the equivalent thereof from her, and said plaintiff did not credit said amounts, or any amount to this defendant on the alleged judgment against affiant or make any allowances to affiant whatsoever.''

The issue to be determined by the trial court upon a motion of a plaintiff for a summary judgment is whether the defendant has presented any facts which give rise to a triable issue or defense and not to pass upon or determine the issue itself. (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555 [122 P.2d 264].) If the affidavit of a defendant on a motion of a plaintiff for a summary judgment shows facts sufficient to present a triable issue of fact, the motion should be denied. (Code Civ. Proc., § 437c.) Affidavits of the moving party are to be construed strictly and those of his opponent construed liberally. The facts alleged in the affidavits of the party against whom the motion is made must be accepted as true. (*D. E. Sanford Co.* v. *Cory Glass Etc. Co.,* 85 Cal. App.2d 724, 731 [194 P.2d 127].) The affidavits of the opposing party need not necessarily be composed wholly of evidentiary facts. (*Eagle Oil & Ref. Co.* v. *Prentice, supra,* p. 556.) The purpose of a motion for a summary judgment is not to test the sufficiency of the pleadings. On such a motion by a plaintiff, even if the answer itself be deemed insufficient, the motion must be denied if the affidavits show facts sufficient to constitute a defense entitling the pleader to defend. This rule applies to a negative pregnant in a defendant's answer. (*Eagle Oil & Ref. Co.* v. *Prentice, supra,* p. 561.) ''The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact.'' (*Eagle Oil & Ref. Co.* v. *Prentice, supra,* p. 556.) Where there is doubt as to whether the motion should be granted, it should be denied. (*Gibson* v. *De La Salle Institute,* 66 Cal.App.2d 609, 632 [152 P.2d 774].)

Application of these rules to the pleadings and affidavits in the present case satisfies us that there is at least one issue of fact to be tried. The complaint alleges that the Arizona judgment ''has not been paid, nor any part thereof, but that the whole thereof remains due and payable.'' The answer denies that ''any part of any such judgment, is due or pay-

able.'' The affidavit of defendant says that plaintiff received a part or all of the bonds included in the amount of the judgment or the equivalent thereof from defendant's former wife and that plaintiff did not credit any part thereof on the judgment. Since on a motion for a summary judgment the facts stated in defendant's affidavit must be accepted as true, it appears, for the purpose of the motion, that plaintiff has been paid part of the judgment and that defendant is not indebted to plaintiff in the full amount. It cannot be said that defendant has not asserted a defense to a portion of plaintiff's claim. Under such circumstances the motion should have been denied. (Code Civ. Proc., § 437c.) For a somewhat similar factual situation, see *Eagle Oil & Ref. Co.* v. *Prentice, supra,* 19 Cal.2d 553.

Reversed.

Shinn, P. J., and Wood, J., concurred.