[Civ. No. 8080. Third Dist. July 3, 1952.]

THE TRAVELERS INDEMNITY COMPANY (a Corporation), Respondent, v. J. C. McINTOSH, Appellant.

Forrest E. Macomber and Gordon J. Aulik for Appellant.

R. P. Wisecarver for Respondent.

PEEK, J.—This is an appeal by defendant from a summary judgment entered in favor of plaintiff and respondent The Travelers Indemnity Company.

The complaint alleges that on January 5, 1945, the indemnity company issued a faithful performance bond for A. R. Liner, a contractor, who had entered into a contract to construct a hospital for Yolo County; that Liner defaulted on said contract, and the indemnity company was thereby compelled to take over and complete the building at a cost to it in excess of $20,000; that Liner compromised the loss at that figure, giving plaintiff a four year installment note for $20,000, payable at the rate of $5,000 per year, the first payment to be "secured" out of the first moneys that would become due to Liner on a contract he had with Modesto City School District; that the payments due thereunder had been previously assigned to defendant and appellant McIntosh, the underwriter under the second contract, which assignment McIntosh accepted and agreed to pay. The assignment reads:

"To: J. C. McIntosh
     Stockton
     California.

"WHEREAS, I have heretofore . . . assigned to you all moneys due or to become due to me on account of the construction and completion of the . . . School . . . and

"WHEREAS, I am indebted to the Travelers' Indemnity Company . . .

"Now, THEREFORE, I hereby assign out of the first moneys due to me on account of said . . . School job, the sum of Five Thousand and no/100 ($5,000.00) Dollars unto TRAVELERS' INDEMNITY COMPANY and I do hereby authorize and instruct you to pay over said sum to Travelers' Indemnity Company . . . out of the first moneys due to me on account of said job.

"DATED: May 18, 1948.

(Signed)    A. R. Liner

"I hereby accept the within assignment and direction, and I will pay unto Travelers' Indemnity Company . . . the said sum . . . in accordance with said instructions, out of the first moneys due to A. R. Liner on account of said . . . job.

(Signed)    J. C. McIntosh

"That the prior assignment from A. R. Liner to J. C. McIntosh referred to in the following document . . . is in words and figures as follows:

"To: MODESTO CITY SCHOOL DISTRICT . . .

"FOR VALUE RECEIVED, I do hereby assign . . . unto J. C. McINTOSH, all moneys whatsoever due or to become due to

me on account of the construction and completion by me of the . . . School . . .

(Signed)    A. R. Liner''

''ACCEPTED

''MODESTO CITY SCHOOL DISTRICT . . . ''

The complaint concluded with the allegations that McIntosh received moneys in excess of $5,000 from the school district but had refused to pay the same, and a prayer for judgment in that amount.

A general demurrer by McIntosh was overruled, and his answer which was thereafter filed, denied only the allegations of paragraph 6 of the complaint, which were that he had received more than $5,000 from the school district. Affirmatively he alleged in substance that no profit was made on the job hence Liner had no money due him under the contract.

The indemnity company moved for a summary judgment, its affidavits being to the effect that McIntosh had received a $27,000 payment from the school district. The counter-affidavits were to the effect that appellant was indemnitor to Pacific Indemnity Company, the surety, on the Modesto contract; that the assignment had been made but all moneys had been paid out in costs, there actually being a loss on the job after allowance for depreciation was taken, and that therefore nothing was due to Liner or the indemnity company for the reason that no profit was made.

The motion was granted and this appeal was then taken from the judgment entered.

Since it appears, as defendant contends, that the trial court abused its discretion in granting said motion it becomes unnecessary to discuss the additional contentions made by defendant.

The situation presented by the instant case comes squarely within the rule as enunciated in *Walsh* v. *Walsh*, 18 Cal.2d 439 [116 P.2d 62]. In that case the plaintiff (who was the adopted son of the defendant), brought an action to recover money to which he claimed to be entitled under the modified property settlement agreements between his adoptive parents. Defendant denied she owed plaintiff any sum whatsoever under said agreements and moved for a summary judgment. In opposition to defendant's motion plaintiff submitted, by affidavit, his version of the proper interpretation of the agreements. The trial court ''After hearing of the motion and consideration of these divergent views of the litigants as to

the meaning attributable to the language employed in these agreements . . . resolved the conflict in favor of the defendant and entered summary judgment dismissing plaintiff's complaint." Plaintiff appealed, contending this action to be an abuse of the trial court's discretion. The Supreme Court, in passing upon this contention there said:

". . . in passing upon a motion for summary judgment, the primary duty of the trial court is to decide whether there is an issue of fact to be tried. If it finds one, it is then powerless to proceed further . . . issue finding rather than issue determination is the pivot upon which the summary judgment law turns. . . .

"We are of the opinion . . . that the words . . . used are ambiguous and indefinite. . . . On its face the phraseology . . . considered in its entirety is reasonably consistent with either of the interpretations advanced here by the litigants. When a contract is in any of its terms or provisions ambiguous or uncertain, 'it is primarily the duty of the trial court to construe it *after a full opportunity afforded all the parties in the case to produce evidence of the facts, circumstances and conditions surrounding its execution and the conduct of the parties relative thereto.*' (Citation.) The governing principle as to when parol testimony may be introduced to explain the language of a contract or to ascertain the intention of the parties is . . . (Citation.) . . . that 'when the language employed is fairly susceptible of either one of two constructions contended for without doing violence to its usual and ordinary import an ambiguity arises where extrinsic evidence may be resorted to for the purpose of explaining the intention of the parties, and that for this purpose conversations between and declarations of the parties during the negotiations at and before the execution of the contract may be shown.' (Citation.) . . . 'When the meaning of the language of a contract is uncertain or doubtful and parol evidence is introduced in aid of its interpretation, *the question of its meaning is one of fact.*' " (See also *Gibson* v. *De La Salle Institute,* 66 Cal.App.2d 609 [152 P.2d 774].)

In the present case the affidavits of respondent show that appellant received a sum of money in excess of $5,000 from the school district. Respondent predicates its right to the claimed portion of said fund upon Liner's assignment to it which reads: "I hereby assign out of the first moneys due to me on account of said . . . School job, the sum of Five Thousand and no/100 ($5,000.00) Dollars," which assignment

appellant consented to by agreeing to pay the said sum "out of the first moneys due to A. R. Liner on account of said . . . job." In fact respondent's pleadings and affidavits are both based upon a construction of Liner's assignment which would entitle it to the first $5,000 paid under the contract.

On the other hand an examination of appellant's affidavit discloses that appellant agreed to act as indemnitor for the Pacific Indemnity Company on the faithful performance bond it issued on the Modesto job, and in consideration thereof Liner executed to him an assignment of "all moneys whatsoever due or to become due" on said job for the purpose of indemnifying appellant from any loss on his indemnity agreement with the Pacific Indemnity Company; that his acceptance of the second assignment was to be effective only in the event that all obligations incurred on the Modesto contract were paid in full and that Liner failed to make a net profit on the job. The affidavit of A. J. Snell, a certified public accountant, whose affidavit was also introduced by appellant, is to the effect that he kept the books and records for the Modesto job, that all receipts and disbursements properly attributable to said job were duly and regularly entered, and upon completion of the job, after an allowance for depreciation, in accordance with the income tax laws of the State of California, a net loss of $468.53 was sustained. From the above summary it can be seen that the affidavits of appellant as well as his answer are premised upon a construction of the second assignment (Liner to Travelers') which would give respondent no right to the money paid under the contract of construction until it was determined that Liner was entitled to same by reason of his having suffered no loss on his agreement to indemnify Pacific and that there was an excess of receipts over expenses incurred and paid.

We are of the opinion that both respondent's contention that Liner's assignment to it was to be the first $5,000 paid on the contract, and appellant's contention that said assignment was only to be the first $5,000 after the payment of all costs of construction and indemnifying appellant if such be necessary, are reasonable interpretations of the language used in the assignments under the circumstances disclosed by the pleadings, and that under such a situation parol evidence was admissible in aid of the interpretation of said agreements, thereby presenting a question of fact which would preclude a summary judgment. (*Walsh* v. *Walsh, supra.*)

Respondent, however, contends that even if the theory of appellant be adopted his affidavits are insufficient to prevent the rendition of a summary judgment here because they fail to show there was no profit made on said job, that the affidavit of the accountant to the effect that the loss was sustained after allowance for depreciation, is a conclusion, not a statement of fact, and hence does not raise a triable issue.

We cannot agree. █ Affidavits of the moving party are to be construed strictly and those of his adversary to be construed liberally. █ The facts alleged in the affidavits of the party against whom the motion is made must be accepted as true and they need not be composed wholly of evidentiary facts. (*United States Fid. & Guar. Co.* v. *Sullivan*, 93 Cal. App.2d 559, 561 [209 P.2d 429].) █ The summary judgment statute was not intended nor can it be used as a substitute for existing methods in the trial of issues of fact. █ Because of the very drastic nature of the statute the power given thereby should be used with caution. Hence, when there is a doubt as to the propriety of the motion, courts should, without hesitancy, deny the same. (*Gibson* v. *De La Salle Institute, supra,* at pp. 617, 632.) Examining appellant's affidavits in the light of the above principles we do not think they are so deficient that he should be denied a trial on the merits. The affidavits show he is prepared to put in evidence figures from which it can be determined whether Liner made a profit on the job and from which evidence, assuming, consonant with appellant's construction of the assignments, the necessity of a profit before the Indemnity Company is entitled to payment, it can be determined how much profit was made.

The judgment is reversed.

Van Dyke, J., and Schottky, J. pro tem., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 28, 1952.