[Civ. No. 19967.   Second Dist., Div. Two.   Jan. 29, 1954.]

DON C. KIMBER, Respondent, v. NELSON E. JONES, Appellant.

Laurence Phillips and Robert P. Schifferman for Appellant.

Daniels, Elson & Mathews and William A. Sherwin for Respondent.

FOX, J.—Defendant appeals from a summary judgment in an action on a promissory note.

On November 25, 1952, plaintiff, Don C. Kimber, filed a complaint alleging that he was the assignee and lawful holder of a promissory note executed by defendant Nelson E. Jones in the sum of $12,214.81, running in favor of Lee P. Hill, plain-

tiff's assignor. A copy of this note, dated June 15, 1952, and maturing in 90 days, was attached to the complaint. It is alleged that payment has been made on the note in the amount of $6,714.18, leaving an unpaid balance of $5,500. Plaintiff prayed judgment in this amount and for attorney's fees as provided by the note in event of suit.

The answer denied that there was any balance unpaid on the note, and also denied, for want of information and belief, that plaintiff was the assignee and lawful holder of the note. As an affirmative defense, defendant set up a partial failure of consideration. Defendant alleged thereunder that by virtue of fraudulent misrepresentations as to the quality of certain lumber belonging to Lee P. Hill, made by Robert Creelman, Hill's agent, namely that it was Number One common and better, defendant was induced to purchase said lumber, in part payment of which transaction he had executed the promissory note running to Hill. He alleged that Hill and Creelman knew that "approximately one-half thereof was of a grade poorer and less valuable than Number One common grade or better."

Thereafter plaintiff moved for summary judgment on the ground that defendant's defense of failure of consideration was without merit and spurious. In support thereof, he filed three affidavits executed by Robert Creelman, Lee P. Hill and James Ramsdell, Hill's attorney, together with documents which were appended to each affidavit. Creelman's affidavit was essentially to the effect that he represented that the 140,000 feet of lumber which was delivered by Hill to Jones would be "Grade 2 common, and better." Concomitant with this transaction, Creelman states he made certain business arrangements with defendant, pursuant to which he became employed by defendant Jones as sales manager of the latter's company. There is attached a certificate of inspection issued at the shipping point covering 25,000 feet of the lumber, which Creelman avers was delivered to defendant, and asserts that similar certificates for the balance of the lumber were also issued and delivered to defendant. The attached inspection certificate indicates that some of the lumber was classified as Number Two common, and a part was Number One common. The affidavit also states that an inspection at destination was made by one E. L. Primm, confirming the shipment to be grade 2 and better, and copies of Primm's reports were sent to Jones, who also personally inspected at least one carload. Creelman asserts that defendant informed him that if Hill failed to

extend the time due for payment on the promissory note and initiated legal action to collect on it, he would "stall" the case for over a year, put up an attachment bond, and appeal from any judgment rendered on the note.

The affidavits of Hill and Ramsdell attach as exhibits a total of 12 letters exchanged between Jones and themselves over the period May to November, 1952. For reasons which will subsequently appear, it is unnecessary to elaborate in full detail the contents of this correspondence, which defendant does not deny passed between the persons designated. It is sufficient to indicate that during the six months following the sale of the lumber, at no time in his letters does defendant suggest there was any misrepresentation, though on one occasion he wrote that the lumber was of "very low grade." His letters offer excuses for nonpayment of the note, ask for an extension of time for payment, and contain an offer to renew the original note by the execution of two new ones. Upon receiving notification of Hill's unwillingness either to extend the time of payment or to agree to a compromise suggested by defendant, and of Hill's intention to take legal action if full payment were not made, defendant wrote on November 10, 1952, that he would invite a suit though "we appreciate the fact that we have no material defense to an action and all we can hope to do is to delay Hill's receipt of payment for a year or so."

Hill's affidavit also contains as an exhibit a photostatic copy of the promissory note, and it is averred that he is the assignor of the note which is the foundation of this suit. He asserts he had no part in the negotiations between Jones and Creelman for the sale of lumber which was effectuated in connection with a deal whereby Creelman went to work for defendant's company.

In opposition to the motion made by plaintiff, affidavits were filed by L. B. Krohn, Jack Cline, and defendant. The Krohn affidavit is to the effect that Krohn was present during conversations between Creelman and Jones relating to the purchase of the lumber in question, during which time affiant heard the repeated statements made by Creelman to Jones to the effect that the said lumber was Number One common lumber, and that the discussions of the price to be paid by Jones to Hill were based on a Number One common or better quality. Cline avers in his affidavit that as defendant's employee, he handled the lumber in question, which was stored on the premises of the Fern Trucking Company; that of 140,000

board-feet of lumber approximately 30,000 board-feet remains unsold; that from his observation approximately 40 percent of the total of said lumber is below the grade of Number One common; that the best prices obtainable for said lumber have been far below the current price in the Los Angeles market for Number One common and better, "and that the remaining 30,000 board-feet thereof can be sold only at prices far below the current market price for Number One common and better and below the price paid therefor by Nelson E. Jones to Lee P. Hill."

Defendant Jones' affidavit states that during his negotiations with Creelman, as Hill's agent, for the purchase of 140,-000 board-feet of lumber owned by Hill, he never received any certificate of inspection showing the grade of said lumber; that he relied entirely upon statements made by Creelman that the lumber was of the grade of Number One common and better, which induced him to purchase said lumber at a price above the current Los Angeles market price for Number One common and better lumber of this type; that he did not examine said lumber before entering into the transaction because it was packaged in such a manner as to be too time-consuming and laborious to do so and because of the custom to rely on the seller's statement respecting grade of lumber; that it was his belief that the note executed to Hill was endorsed to a "holder for value before maturity," thus explaining his belief expressed in his correspondence that he would have no defense to the action; that the lumber he purchased from Hill was not Number One common and better, and a large portion thereof was not even Number Two common or better; that the sales thereof to his customers as Number One common and better have resulted either in rejection of the lumber or a demand for adjustment in price; that there remains on hand approximately 30,000 board-feet of said lumber which is not Number One common and better, but is lumber which is almost impossible to sell at any price.

Of the several grounds urged by defendant in support of his contention that the trial court erred in granting the motion for summary judgment, we believe his argument that the plaintiff's affidavits were insufficient as a basis for the judgment is well taken. Section 437c,* Code of Civil Pro-

*Section 437c reads in part as follows: "In superior courts . . . when an answer is filed in an action . . . to recover an unliquidated debt or demand for a sum of money only arising on a contract express or implied in fact or in law . . . if it is claimed that there is no defense to the

cedure, in referring to the contents of affidavits, provides that the "*affidavit* or *affidavits* in support of the motion must contain facts sufficient to entitle plaintiff . . . to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant . . ." ▮ It is thus evident that the validity of a judgment entered pursuant to section 437c "is to be determined by the sufficiency of the affidavits considered upon the hearing of the motion." (*McComsey* v. *Leaf,* 36 Cal.App.2d 132, 133 [97 P.2d 242].) In *Coyne* v. *Krempels,* 36 Cal.2d 257, 261 [223 P.2d 244], the court stated: "Summary judgment for plaintiff is proper only if the affidavits in support of his motion state facts that, if proved, would be sufficient to sustain judgment in his favor . . ." In the Coyne case, *supra,* pp. 262-263, the court further emphasized that a failure to file affidavits containing the requisite facts cannot be remedied by resort to the pleadings, at least when such facts are within the issues framed therein.

It is clear that plaintiff's affidavits and exhibits contain no showing that plaintiff is the lawful owner and holder of the note. By defendant's denial of this allegation of the complaint it became an issue in the case, and plaintiff was required to establish that he was the holder of the note on the motion for summary judgment in order to entitle him to a judgment. Hill's affidavit merely states, without identification of the assignee, that he was the assignor of the note referred to in the complaint. But plaintiff alone was the only person who could competently testify that he still held the note and was the owner thereof at the time the motion for summary judgment was made and heard by the court. However, plaintiff filed no affidavit whatever and nowhere does it appear in the affidavits submitted that he was actually the owner or holder of the note. This crucial, factual deficiency in the plaintiff's affidavits precluded the entry of judgment in his favor, since, under the pleadings herein, it was a fundamental part of plaintiff's case to establish his right to sue on the note as the holder thereof. ▮ "There can be no question but that proof of the assignment is essential to a

action or that the action has no merit, on motion of either party . . . supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out or the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact."

recovery by the alleged assignee where the fact of assignment is put in issue by the pleadings." (*Messick* v. *Houx Bros., Inc.,* 105 Cal.App. 637, 643 [288 P.2d 434].) In *Brown* v. *Curtis,* 128 Cal. 193, 194 [60 P. 773], one Brown sued upon a claim of which he was the assignee. In reversing judgment in Brown's favor, the court stated: "It was incumbent upon Brown to establish his right to sue, and this necessitated proof of the assignment by which alone he had any such right. It was as necessary for Brown to prove this fact as it was to prove the indebtedness [p. 196]." In *Sterling Adjustment Co.* v. *Laher A.S. Co.,* 116 Cal.App. 100 [2 P.2d 408], an assignee recovered a judgment in an action in which the fact of assignment was in issue. The record failed to disclose evidence to support a finding that the alleged assignment had been made. In reversing the judgment the court stated (p. 101): "Respondent argues that 'the finding as to the assignment is a technicality not involving a substantial right of appellant.' We do not believe that it may be so considered for where an action is brought by an alleged assignee, the allegation of the complaint relating to the assignment must be proved as formally as any other material allegation [citations]."

It must be borne in mind that in a summary judgment proceeding, which is a drastic procedure to be used sparingly and with circumspection in order to fully preserve the rights of litigants, the affidavits of the moving party must be strictly construed. (*United States Fid. & Guar. Co.* v. *Sullivan,* 93 Cal.App.2d 559, 561 [209 P.2d 429]; *Travelers Indem. Co.* v. *McIntosh,* 112 Cal.App.2d 177, 182 [245 P.2d 1065].)

If plaintiff is to prevail it is necessary that his affidavits furnish factual support covering every element required to establish his cause of action. (*Hardy* v. *Hardy,* 23 Cal.2d 244, 245 [143 P.2d 701]; *Coyne* v. *Krempels, supra,* p. 261.) Where, as here, plaintiff's affidavits failed to show that the assignment of the note was made to him and that he is still the owner and holder thereof, he failed to sustain his burden of showing facts sufficient to entitle him to judgment.

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.