[Civ. No. 20602. Second Dist., Div. Two. Mar. 8, 1955.]

M. EARL MALTBY, Appellant, v. CHARLES J. SHOOK et al., Defendants; ROY W. SOLOMON et al., Respondents.

Gray, Glass & Allen for Appellant.

Blek & Wilcox for Respondents.

FOX, J.—Plaintiff appeals from a summary judgment in favor of defendants Solomon and Jasper and from the order denying his motion to set aside the judgment.

In his first amended complaint, which purports to state three causes of action, plaintiff Maltby alleged that he is the assignee of the rights of the Monterey Café, a partnership, and the lawful owner and holder of the "within claim." The first count alleges that Charles J. Shook, one of the defendants, was an employee of defendant Royal Machine Works, and at all times referred to acted within the course and scope of his employment. Upon information and belief, plaintiff further alleges that the Royal Machine Works gave Shook authority to endorse checks of which it was the payee and that plaintiff relied upon such authority and received and cashed a number of checks "under the above mentioned belief"; and that there are more checks which were cashed by Shook whose amount was not yet ascertainable. The second count, after realleging the assignment to Maltby and Shook's employment by the Royal Machine Works, and that he acted within the scope of his employment, proceeds to allege, upon information and belief, that Shook "fraudulently passed checks wherein Royal Machine Works was the payee; that . . . Shook had no authority to negotiate same; that because of said representations by . . . Shook and the reasonable reliance by plaintiff, the plaintiff was damaged in the sum of $7,277.51." The third count again realleges the assignment and Shook's employment as previously recited. It then alleges that the defendant Royal Machine Works "negligently, carelessly and unlawfully permitted their records to be falsified and they negligently, carelessly and unlawfully failed to ascertain that the checks involved herein were not in fact credited to them"; and that plaintiff was damaged in the sum of at least $7,277.51, although the full amount was not yet ascertained, as the direct and proximate result of such negligence, carelessness and unlawfulness.

An answer denying liability was filed for themselves alone by Roy W. Solomon and Robert K. Jasper, doing business under the fictitious firm name of Royal Machine Works. Thereafter, these defendants moved for a summary judgment. In support thereof, affidavits were filed by Solomon and Jasper and by two accountants, G. M. Elberson and Cecil Coe. The affidavits of Elberson and Coe were essentially to the effect that during the period in question they were in the employ of the Royal Machine Works and personally examined its books and records and that they found therein no evidence of irregularity, embezzlement or wrongdoing on the part of Charles Shook. Elberson averred that not until September,

1953, when he was advised that the bank account of Royal Machine Works was overdrawn, did he ascertain that Shook had made false entries in the books by checking with customers of the Royal Machine Works.

The affidavits of Solomon and Jasper were virtually identical. They disclose that Solomon and Jasper are the sole owners of the Royal Machine Works, a partnership, and that Shook was their bookkeeper from May, 1952, to September, 1953, during which time his duties consisted in part of making entries of debits and credits in the partnership books; that in the course of his work, Shook received partnership mail containing checks payable to the Royal Machine Works, which checks he was authorized only to deposit in its bank account by placing a printed stamp on the back with the legend "for deposit only to the account of Royal Machine Works"; and that Shook had no other authority to endorse checks. These affidavits further aver that neither Jasper nor Solomon ever represented that Shook had any authority to endorse or sign checks payable to the Royal Machine Works or that he had any authority other than that of a bookkeeper; that only the partners are authorized to give such authority; that after Shook left their employment, affiants for the first time discovered that he had been taking checks payable to the Royal Machine Works and endorsing and cashing the checks at gambling places and using the proceeds for his own purposes; that during Shook's employment, affiants employed accountants who checked the books of the Royal Machine Works about once a week and at no time did said accountants report any irregularity in the books; that affiants also examined these books from time to time and discovered no irregularity; that affiants were unable to discover Shook's unauthorized actions because he falsely entered debit memos on the books covering the amount of the checks that he took for his own purposes.

In opposition to the motion made by defendants, there was filed an affidavit executed by Dudley Gray, of plaintiff's counsel. Plaintiff himself did not file an affidavit. Gray's affidavit asserts that he has conducted an investigation of the facts surrounding plaintiff's cause of action and "that set forth hereinafter are some of the facts which have been discovered by your affiant and/or his agents." The body of the affidavit then recites:

"I

"That your affiant verily believes said Charles J. Shook, defendant, having been the agent of the defendant, Royal

Machine Works and of the defendants, Roy W. Solomon and Robert K. Jasper, doing business as Royal Machine Works and that as agent, he had authority in excess of that stated in the affidavits supporting this motion and particularly that said Charles J. Shook had authority to sign for and on behalf of Royal Machine Works and to endorse and cash checks of said Royal Machine Works and to sign other formal documents of the Royal Machine Works; that said belief is based partially upon the notice of intention to chattel mortgage certain property of Royal Machine Works as reflected by such a notice attached hereto and marked Exhibit A.

"II

"That your affiant on or about the —— day of December, 1953, took depositions of said Robert K. Jasper and Robert W. Solomon relative to the above entitled action and said depositions are attached hereto and marked Exhibit B and made a part hereof by way of reference; that said depositions, together with the affidavits of said Solomon and Jasper which are on file in support of this motion indicate that said Charles J. Shook was given authority by the Royal Machine Works to endorse and cash said checks of the Royal Machine Works.

"III

"That your affiant has discussed this case in detail with M. Earl Maltby, plaintiff herein, and said Earl Maltby if sworn would testify that on or about the day that the Monterey Café cashed the first check of Charles J. Shook, that said M. Earl Maltby contacted the Royal Machine Works by telephone by dialing either ORchard 1-7704 or ORegon 8-1449 and that said telephone was answered by a feminine voice who stated that said number or numbers were those telephones then installed in the Royal Machine Works and that said Earl Maltby inquired of said person as to what capacity said Charles J. Shook held in connection with Royal Machine Works and that the feminine voice replied that said Charles J. Shook was a partner of Royal Machine Works and as such, had authority to endorse and cash checks made payable to Royal Machine Works; that said M. Earl Maltby is not presently available to sign such affidavit but your affiant herein makes these statements on his behalf as have been previously represented to your affiant by said M. Earl Maltby."

Exhibit A showed a notice of intention to execute a chattel mortgage on certain machinery and equipment of the Royal Machine Works signed by Charles J. Shook, mortgagor.

Section 437c of the Code of Civil Procedure provides, *inter alia,* that if it is claimed that an action has no merit, the defendant may notice a motion, supported by the affidavit of some person having knowledge of the facts, that the complaint be dismissed and judgment entered unless the plaintiff, "by affidavit or affidavits, shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact." In referring to the contents of the affidavits in behalf of a plaintiff, the third paragraph of said section provides, in its material portion, that such "affidavit or affidavits in opposition to said motion shall be made by the plaintiff . . . or by any other person having knowledge of the facts, and together shall set forth facts showing . . . that *a good cause of action exists upon the merits.* The facts stated in each affidavit shall be within the *personal knowledge of the affiant,* shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, *if sworn as a witness,* can testify competently thereto . . ." (Emphasis added.)

It is at once obvious that the crucial requirements last set out—that the affidavits in behalf of a plaintiff opposing a motion for summary judgment shall show (1) that a good cause of action exists upon the merits; (2) facts within the personal knowledge of the affiant and (3) to which affiant can competently testify as a witness—have not been met. ▮ Turning first to points (2) and (3), it is clear that there is not a single statement therein which shows the affiant possesses facts within his personal knowledge to which he would be competent to testify.

In paragraph I, Gray states no facts attesting to Shook's authority to endorse checks of which the Royal Machine Works is the payee. He merely asserts his belief that Shook had such authority. Such belief, without more, is not competent testimony but a mere opinion or conclusion. There is no showing that Gray ever had any transaction with Shook or any personal knowledge of any matter of fact that would engender such belief, even if such testimony were competent. Even assuming Shook was authorized to sign the notice of intention to execute a chattel mortgage, this falls far short of any authority to endorse and cash checks owned by the Royal Machine Works. Paragraph II refers to the depositions of Solomon and Jasper taken by the affiant and to the affidavits of those gentlemen filed herein. Gray then asserts as his conclusion the legal effect of the testimony by those de-

ponents. This, of course, is a complete departure from any compliance with section 437(c). Paragraph III, based on statements made by Maltby to Gray, is pure hearsay. Thus, the defendants' affidavits have in no way been controverted by the Gray affidavit so as to raise a triable issue.

But even more fatal to plaintiff's case, and of fundamental significance, is the fact that the Gray affidavit fails to measure up to point (1), *supra,* in that, in the language of section 437(c), it does not "set forth facts showing . . . that a good cause of action exists upon the merits" in plaintiff. At the very threshold we are met by the fact that plaintiff is suing as an assignee, as the lawful owner and holder of the rights of the Monterey Café. This was denied by the answer and was placed in issue. Yet nowhere is there any statement in the Gray affidavit that plaintiff Maltby is in fact such lawful assignee or that he had standing, as such, to bring this action. But plaintiff, who could competently testify that he was in fact the owner of such assignment, filed no affidavit. In *Kimber* v. *Jones,* 122 Cal.App.2d 914, 918, 919 [265 P.2d 922], this court had occasion to emphasize the importance of such a showing in a plaintiff's affidavit in support of a motion for summary judgment, its absence being declared fatal to the existence of his cause of action. Plaintiff's first cause of action is based on the plaintiff's alleged receipt and cashing of checks endorsed by Shook. Once again, nowhere in Gray's affidavit is there any assertion of a personal knowledge of such transactions by the affiant and certainly no indication that he would be competent to testify to the occurrence of those transactions. The gravamen of plaintiff's third cause of action is defendant's negligent failure to check their records, which was negatived by defendant's affidavits. Yet not a single reference to any facts suggestive of such negligence, or negligence of any character, appears in Gray's affidavit. In short, the lone affidavit submitted fails utterly to establish by any competent averments on the part of one having personal knowledge of the facts that plaintiff herein has any cause of action as alleged in his complaint. So inadequate is the Gray affidavit, so lacking in the essentials necessary to create any triable issue or show the existence of a cause of action in plaintiff, and so replete with hearsay, conclusions and personal opinion, that the appeal from the judgment rendered verges on the frivolous.

Plaintiff's brief indicates that he is under the impression that the deficiencies in his affidavit may be supplied

by a resort to the pleadings. Such belief is without foundation. (*Coyne* v. *Krempels,* 36 Cal.2d 257, 262-263 [223 P.2d 244]; *Kimber* v. *Jones, supra,* p. 918.) In *Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558 [277 P.2d 464], this court pointed out that while the summary judgment procedure does not authorize the trial of any bona fide issues which the affidavits may reveal, it permits the court to pierce the allegations of the pleadings to determine whether a genuine cause of action in fact exists in the interests of avoiding needless trials. We there stated (p. 563) : "[T]he sufficiency of the allegations of a complaint do not determine the motion for summary judgment. Rather, it must be determined from the affidavits whether there exists a genuine issue as to any material fact. Often there is no genuine issue of fact, although such an issue is raised by the formal pleadings."

Since an examination of the affidavits discloses that the Gray affidavit contains no facts showing the existence of a cause of action in plaintiff, and the affidavits in support of the motion state facts which, if proved, would support a judgment in favor of the moving party, the judgment granting defendant's motion was proper. (*Coyne* v. *Krempels,* 36 Cal. 2d 257, 261 [223 P.2d 244].)

Following the entry of the summary judgment, plaintiff moved to set it aside. This motion was denied. ■ Plaintiff purports to appeal from the order denying his motion to vacate the judgment. No appeal lies from such an order. (*Bank of America* v. *Oil Wells Supply Co.,* 12 Cal.App.2d 265, 271 [55 P.2d 885].) The appeal from the order denying the motion to set aside the judgment is dismissed.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.