[Civ. No. 20632. Second Dist., Div. Two. May 18, 1955.]

E. M. LOW, Appellant, v. WOODWARD OIL COMPANY, LTD. (a Corporation), Respondent.

---

*Assigned by Chairman of Judicial Council.

T. G. Dalton for Appellant.

Robert E. Rosskopf and James A. Flanagan for Respondent.

FOX, J.—This is an appeal from a summary judgment dismissing plaintiff's complaint and decreeing that defendant is the owner of certain real property and that plaintiff had no right, title or interest therein.

Plaintiff commenced the instant action to quiet title to real property on May 19, 1953. The property involved comprised five lots in Los Angeles County. Defendant Woodward Oil Company's answer denied plaintiff's ownership, asserted its own title, and interposed as an affirmative defense a final judgment entered on December 2, 1952, in Case No. 573851. It is alleged that by the judgment in Case No. 573851 defendant's title to the property here in question was quieted against the defendants therein, namely, Amelia I. Frey, Irvin R. Deist (also known as John Deist and J. Deist), Irvin R. Deist, Trustee, Irvin R. Deist as administrator of the estate of Ida A. Deist, deceased, and Alice Maud Deist. No copy of the judgment was appended to the answer.

Defendant moved for a summary judgment on February 11, 1954. One of its affidavits in support of the motion was executed by James A. Flanagan, secretary of defendant company. An unauthenticated copy of the judgment in Case No.

573851 was attached as an exhibit to Flanagan's affidavit. Plaintiff and one I. R. Deist filed counteraffidavits. Defendant's motion was denied on February 24, 1954.

On March 31, 1954, defendant filed a new notice of motion for a summary judgment. This notice recites that the motion was based on defendant's verified answer "and upon the affidavit of George L. Marinoff, copy of which is served and filed herewith." Plaintiff filed an affidavit executed by I. R. Deist in opposition to the motion. The motion was heard on these two affidavits on April 13, 1954, and granted two days later. The judgment of the court quieting title in defendant was filed on May 5, 1954. It recites, in part, that plaintiff having made no appearance though an affidavit was filed in her behalf "and it appearing to the court from an examination of the affidavits filed in support of and in opposition *to said motion,* that the action of plaintiff has no merit and that no triable issue of fact is presented by said affidavits," the motion for summary judgment was accordingly granted. (Italics added.)

It is immediately apparent that in passing upon defendant's motion, the court had before it only the respective affidavits of Marinoff and Deist. Defendant's notice of motion indicates that it is based solely on the affidavit filed by Marinoff.* The judgment of the court recites that it was made upon examination of the affidavits filed in support of, and opposition to "said motion," namely that of March 31, 1955. We will proceed, therefore, to a scrutiny of these affidavits to determine the propriety of the adjudication below.

Turning first to the Marinoff affidavit in support of defendant's motion, it is there averred that affiant was engaged in the business of abstracting and searching titles; that at defendant's request, he searched the official records of the county recorder of Los Angeles County in March, 1954, for the purpose of ascertaining the record ownership of the real property referred to in plaintiff's complaint and for the purpose of particularly ascertaining whether any documents ap-

*While the notice of motion recites also that it was based upon defendant's verified answer, such pleading serves only to define the issues before the court on the motion for summary judgment. The efficacy of the motion, however, depends on the sufficiency of the affidavits filed in support thereof. (Code Civ. Proc., § 437c; *McComsey* v. *Leaf,* 36 Cal. App.2d 132 [97 P.2d 242].) It is well established that deficiencies in the affidavits may not be supplied by a resort to the pleadings. (*Coyne* v. *Krempels,* 36 Cal.2d 257, 262, 263 [223 P.2d 224]; *Kimber* v. *Jones,* 122 Cal.App.2d 914, 918 [265 P.2d 922].)

peared of record purporting to convey any interest in that property to plaintiff; and that following such search, affiant "found that title to said lots is vested in [defendant]" by virtue of the following instruments, identified with respect to their location in official records: an administrator's deed executed by DeWitt Adkins, administrator of the estate of William J. Farrow, deceased; an order confirming sale of real property in the estate of William J. Farrow, deceased; quitclaim deeds from Cecil B. Clanny and Gertrude Farrow and a decree quieting title. No copies of these documents were submitted with the affidavit.

Marinoff's affidavit further states: "There did not appear of record in said official records any documents purporting to reflect any interest in said real property in E. M. Low, except only the following:

"A document entitled a Deed, dated April 28, 1937, and recorded May 1st, 1937, in Book 14898 at page 292, Official Records, wherein I. R. Deist, as grantor, purported to convey to Ida A. Deist, as grantee, in words substantially as follows: 'All real property in the County of Los Angeles, State of California, then owned by the said I. R. Deist, or in which the said I. R. Deist may in any way be interested or connected.' [S]aid deed did not describe any particular property.

"A document entitled a Deed, dated January 20, 1933, and recorded August 15, 1940, in Book 17704, at page 333, Official Records, wherein Ida A. Deist, as Grantor, purported to convey to E. M. Low, as Grantee, in substantially the following words: 'All the right, title and interest of the said grantor in and to all property situated in the State of California, then of record in the name of said grantor or in which the said grantor may in anywise be connected and all real property of which the said grantor may thereafter become possessed, situated in the County of Los Angeles, or in any other county in said State of California, excepting property in which the grantor resides, being Lot 9, in Block 4, West Adams Heights Tract, and known by street and number as 2250 South Western Avenue, Los Angeles, California.' Said deed did not describe any other property but said Lot 9 above described." The affidavit closes with the statement that "the foregoing facts are within the personal knowledge of affiant and affiant, if sworn as a witness, can testify competently thereto."

The opposing affidavit of I. R. Deist alleged that on April

9, 1934, defendant executed a writing to affiant in affiant's presence. The writing was attached as an exhibit, is addressed to I. R. Deist, and purports to confirm an oral agreement regarding the purchase of a half interest in certain lots, including the five mentioned in plaintiff's complaint. The writing states, in substance, that if defendant is successful in its bid to purchase the lots from the Estate of W. J. Farrell (sic), it will convey to I. R. Deist the interest so purchased in certain of the lots, including those here involved, in consideration of Deist's joining all of his lots into the Howard townsite community oil lease.

Deist further affirmed that "he knows to his knowledge" that two of the documents referred to in the Marinoff affidavit, the deed dated April 28, 1937, from I. R. Deist to Ida H. Deist, and the deed dated January 20, 1933, from Ida A. Deist to plaintiff herein, were executed and delivered; that the order confirming sale dated April 18, 1934, made in the Estate of William J. Farrow, deceased, directing the administrator to convey the land referred to herein to defendant, and pursuant to which the administrator's deed to defendant set forth in Marinoff's affidavit was executed, recited that the Estate of William J. Farrow owned a one-half interest therein with John Deist; that affiant and said John Deist were the same person, as found by the decree rendered in Case No. 573851 of the Los Angeles Superior Court entitled "Woodward Oil Co. Ltd. v. Amelia I. Frey, et ål"; and that by a decree entered on August 6, 1947, in Case No. 529657 of the Superior Court of Los Angeles County, entitled "*Woodward Oil Co. Ltd.* v. *Gertrude Farrow, et al.,*" it was adjudicated that the plaintiff was the owner of an undivided one-half interest in the real property set forth in plaintiff's complaint.

Plaintiff contends that the affidavit in support of defendant's motion was insufficient to meet the requirement of section 437c of the Code of Civil Procedure; hence the judgment is insupportable. This is clearly correct.

Section 437c provides, *inter alia,* that if it is claimed an action has no merit, the defendant may notice a motion, supported by the affidavit of some person having knowledge of the facts, that the complaint be dismissed. In referring to the contents of the affidavits in behalf of a moving defendant, the second paragraph of that section provides, in its material portion: "The affidavit . . . in support of the motion must contain *facts* sufficient to entitle . . . defendant

to a judgment in the action, and the facts stated therein shall be within the *personal knowledge of the affiant,* and shall be set forth *with particularity,* and each affidavit shall show affirmatively that the affiant, *if sworn as a witness, can testify competently thereto."* (Emphasis added.)

It is manifest that the crucial requirement last quoted—that the affidavit in support of a motion for summary judgment by defendant shall show facts within the personal knowledge of the affiant which affiant can testify to competently as a witness—has not been satisfied by the Marinoff affidavit. The material portions of that affidavit refer to various documents, none of which are attached to the affidavit, from which the affiant deduces that title to the disputed property is vested in defendant. ■ This statement of the legal effect of those documents is, of course, a mere conclusion of law as to the very matter here in issue, and would be incompetent as evidence. (*Cowan Oil & Ref. Co.* v. *Miley Petroleum Corp.,* 112 Cal.App.Supp. 773, 780 [295 P. 504] ; *Weichman* v. *Vetri,* 100 Cal.App.2d 177, 179 [223 P.2d 288].) ■ Furthermore, there being no showing of the loss of the instruments referred to, or other circumstances which would excuse production either of the original or authenticated copies, affiant could not give competent testimony even to the contents of said documents. Under such circumstances, where the affidavit of a movant depends upon written documents, his affidavit is insufficient unless there is attached thereto the original documents, or a verified or certified copy of such instruments. (*Gardenswartz* v. *Equitable etc. Soc.,* 23 Cal.App.2d Supp. 745, 750 [68 P.2d 322].) ■ The validity of a summary judgment pursuant to section 437c is to be determined by the sufficiency of the affidavits considered upon the hearing of the motion. (*Kimber* v. *Jones,* 122 Cal.App.2d 914, 918 [265 P.2d 922] ; *McComsey* v. *Leaf,* 36 Cal.App.2d 132, 133 [97 P.2d 242].) The Marinoff affidavit, departing utterly from compliance with section 437c, is thus completely lacking in any exposition of *evidentiary facts* sufficient to entitle defendant to a judgment in the action. (*Coyne* v. *Krempels,* 36 Cal.2d 257, 261 [223 P.2d 244] ; *Kimber* v. *Jones, supra.*)

■ Defendant asserts that the affidavt of James A. Flanagan filed in support of the first motion for summary judgment set forth by exhibit a true copy of the final decree previously alluded to quieting title in favor of defendant. It argues this document was before the court. The fallacy of this argument is two-fold: (1) The motion before the court

was not based upon the Flanagan affidavit and its exhibit, as appears from defendant's notice of motion and the court's judgment; and (2) in any event, said exhibit was neither verified nor certified and as such was not competent evidence to which Flanagan could testify but pure hearsay. (*Gardenswartz* v. *Equitable etc. Soc., supra.*) Defendant also suggests that the trial court could take judicial notice of the judgment in Case No. 573851, which defendant urged in bar of plaintiff's action in its answer, upon the motion for summary judgment. Whether or not it is proper for the court to take judicial notice of the record in another case between other parties upon motion for summary judgment is an intricate question which we need not here pass upon. For it is clear that the doctrine of judicial notice played no part in the determination of this matter. From defendant's notice of motion, it is clear that he was predicating his case entirely on such purported facts as were contained in the Marinoff affidavit. The court in its judgment unequivocally manifested that its decision was based solely upon the contents of the affidavits submitted in support of the motion then before it, which is the proper foundation for an adjudication under section 437c. (*Coyne* v. *Krempels, supra,* p. 261; *Kimber* v. *Jones, supra,* p. 918; *McComsey* v. *Leaf, supra,* p. 133.) Defendant does not profess in its brief, nor does the record before us disclose, that the contents of the file in the prior case was examined by the trial court, nor was it brought to the court's attention in any competent manner by the Marinoff affidavit. As has been shown, that affidavit departed entirely from any legitimate compliance with section 437c, being replete with hearsay, conclusions, and personal opinion and bringing no essential evidentiary facts before the court. The court having plainly relied upon the affidavits before it in reaching its decision, and defendant's affidavit being palpably inadequate to support the judgment in its favor, that judgment cannot stand.

The judgment is reversed.

McComb, Acting P. J., concurred.