BISHOP, P. J.
A summary judgment was entered against three individual defendants in this action and they have appealed. The plaintiff, as the assignee of the Delta Shower Door, Inc. (alleged to be a California corporation) seeks to recover the balance claimed to be due that corporation from the defendants because of shower doors and bathroom equipment delivered and installed as ordered by the defendants. We are reversing the judgment because the affidavit, upon which plaintiff’s motion for a summary judgment depends, fails to measure up to the requirements of the summary judgment section (Code Civ. Proc., § 437c) at several vital points.
In the cases dealing with summary judgments, we repeatedly run across a statement like this one in Kimber v. Jones (1954), 122 Cal.App.2d 914, 919 [265 P.2d 922, 925] : “It must be borne in mind that in a summary judgment proceeding, which is a drastic procedure to be used sparingly and with circumspection in order to fully preserve the rights of litigants, the affidavits of the moving party must be strictly construed. (United States Fid. & Guar. Co. v. Sullivan, 93 Cal.App.2d 559, 561 [209 P.2d 429] ; Travelers Indem. Co. v. McIntosh, 112 Cal.App.2d 177, 182 [245 P.2d 1065].)” The first of the two cases cited in the passage just quoted refers to still other eases and makes this quotation from Eagle Oil & Ref. Co. v. Prentice (1942), 19 Cal.2d 553, 556 [122 P.2d 264, 265] : “The procedure is drastic and should be used with caution ...” This conclusion is not *Supp. 898 only supported by authority, but follows from the strict requirements of section 437c itself. We note there: “The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto.”
The complaint, in this case, alleges that the defendants became indebted to the Delta Shower Door Company, Inc., upon a book account, which has been assigned to the plaintiff. These allegations are denied in the answers filed by the individual defendants. Looking at the affidavit presented in support of plaintiff’s motion, we find no mention whatever made of a book account against anybody. We do find the affiant stating that the Delta Shower Door, Inc., “delivered and installed shower doors and bathroom equipment and tub enclosures for the defendant Better Bathrooms, Inc. on the following orders: ’ ’ [then appear nine references of which the first is typical:] “John Farrow, at 612, Beverly Drive, Beverly Hills, Calif., purchase order no. 4640, Inventory no. 684 in the amount of $144.20 on May 3, 1954.” With respect to the assignment the affidavit declares: “That on November 10, 1955, the Delta Shower Door, Inc. corporation assigned its claim for the money due as above stated to [the plaintiff].”
Directing our attention, first, to the matter of the assignment, it is apparent that the affidavit is inadequate. In the first place, the facts are not stated “with particularity”; that which we have is, in reality, no more than we already had in the complaint. By what action was the assignment made? Did a bookkeeper call up plaintiff’s counsel and tell him to seek recovery in plaintiff’s name? Did a mere stockholder sign a document believed to constitute an assignment? What are the probative facts? The affidavit does not give them.
Nor does the affidavit “show affirmatively that the affiant, if sworn as a witness, can testify competently thereto.” True, he states, sometime after these various things are alleged to have happened, that he is (our emphasis) the president of plaintiff’s alleged assignor, “and as such has knowledge of the business dealing of the said corporation,” and he adds that all the facts are within his personal knowledge and that he could competently testify thereto. We find in these statements a claim, that the affiant would be a competent witness, but no showing that he would. Did he see the as *Supp. 899 signment signed? Or was it made orally, in his hearing? The drastic requirements of section 437c have not been satisfied. Proof of the assignment was, of course, essential to plaintiff’s case (Kimber v. Jones, supra, 122 Cal.App.2d 914, 919 [265 P.2d 922, 925]). It was alleged and realleged but the plaintiff did not demonstrate that he could prove it.
The defect that we have pointed out respecting the assignment is fatal to the judgment, and nothing would be gained by applying the same yardstick to the averments of the affidavit, as to the nine orders allegedly received.
The judgment is reversed with directions to enter an order denying plaintiff’s motion.
Patrosso, J., and Swain, J., concurred.